■ ANGELINA ALLEVA, Appellant, v ALLEVA DAIRY et al., Respondents.—In an action for, inter alia, a judgment declaring that the plaintiff's decedent, Alex Alleva, held a one-third interest as partner in the defendant Alleva Dairy, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered September 10, 1985, which dismissed her complaint.

Ordered that the judgment is modified, on the law, by adding a provision declaring that Alex Alleva was not a partner in the Alleva Dairy but was an employee during the period of his association with such concern; as so modified, the judgment is affirmed, with costs to the defendants.

A decision rendered by a court after a nonjury trial should not be disturbed on appeal unless it is clear that its conclusions could not have been reached under any fair interpretation of the evidence (see, Matter of Poggemeyer, 87 AD2d 822, 823). A review of the record shows that sufficient proof was adduced at trial to support the trial court's determination that the decedent, Alex Alleva, was an employee of the defendant Alleva Dairy, and not a partner as claimed by his estate. Partnership is a contractual arrangement which, in the ab-

sence of a writing, may be proved by testimony as to conversations or by circumstantial evidence *(see, Martin v Peyton,* 246 NY 213, 217). Whether one is a partner turns on several factors including sharing in the profits and losses and exercising joint control over the business *(see, Matter of Steinbeck v Gerosa,* 4 NY2d 302, 317, *appeal dismissed* 358 US 39; *M. I. F. Sec. Co. v Stamm & Co.,* 94 AD2d 211, 214, *affd* 60 NY2d 936).

Documentary evidence indicated that the decedent was never named as a partner nor signed any papers in such capacity. He was always listed in the company payroll books as an employee receiving a salary. In addition, the partnership tax returns and his personal tax returns did not demonstrate any partnership profits being paid to him during the period in question. It was undisputed that his duties never included any tasks which could be considered management responsibilities. Considering the lack of indicia of a partnership relationship, the trial court's determination is clearly supported by the evidence.

We note that the plaintiff's contentions that certain testimony should have been excluded pursuant to CPLR 4519 and as hearsay are not preserved for appellate review *(see, Gunnarson v State of New York,* 95 AD2d 797, 798).

The court erred in dismissing the complaint in this declaratory judgment action without declaring the rights of the parties *(Lanza v Wagner,* 11 NY2d 317, 322, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Thompson, J. P., Weinstein, Kunzeman and Harwood, JJ., concur.