■ SHIRLEY LENNER, as Administratrix of the Estate of SIGMUND LENNER, Deceased, Respondent, v GLOBE BAG COMPANY, INC., Appellant.—Levine, J. Appeal from a judgment of the Supreme Court (Smyk, J.), entered September 7, 1988 in Broome County, upon a decision of the court, without a jury, in favor of plaintiff.

In 1985, Binghamton Bag and Burlap Company was in the business of producing and selling burlap and paper bags out of the Village of Whitney Point, Broome County. Plaintiff's decedent, Sigmund Lenner (hereinafter Lenner), was the president and majority stockholder. In November 1985, most of the assets of Binghamton Bag were sold to defendant. In connection with this sale, Lenner and defendant entered into an employment contract which provided that Lenner would act

as a salesman for defendant in the Whitney Point area in exchange for an annual salary of $7,000, an automobile for use in New York, a $5,000-per-year expense account, a telephone credit card, Medicare supplemental insurance coverage and a death benefit of $5,000 in the event of Lenner's death during the three-year term of the contract.

Following the sale of the business, Lenner, who was ill with kidney problems (a fact known by defendant before the sale), moved to Florida for the winter with the expectation of returning to New York in April 1986. While in Florida, Lenner began to work for defendant by contacting and entertaining customers in Florida as well as by securing orders. Apparently, Lenner's efforts were more disruptive than helpful because he failed to follow new procedures adopted by defendant. Consequently, in a letter dated February 19, 1986, Mark Goldenberg, an officer of defendant, informed Lenner that his duties were "limited to consulting" and further stated that "we will contact you from time to time as the need arises. No sales solicitation by you [Lenner] is involved in any activity at the plant in Whitney Point."

During the next few months, Goldenberg contacted Lenner only a few times in Florida and requested that Lenner make some phone calls, entertain a customer and secure some orders, all of which Lenner did. After the spring of 1986, no more requests were made. By letter dated June 27, 1986, Goldenberg informed Lenner that they would meet upon Lenner's return to New York in order to discuss Lenner's duties through October 31, 1986. In July 1986 Goldenberg sent a letter to Bernard Rosefsky, a relative, friend and business advisor of Lenner, stating that it had become clear that Lenner was too ill to perform his duties. On October 31, 1986 defendant terminated Lenner's employment.

Following Lenner's death in July 1987, plaintiff, as administratrix of Lenner's estate, commenced this action in which she sought payment from defendant for Lenner's salary from December 1986 through July 23, 1987, expense account allowance for the same period, insurance allowance and death benefit pursuant to the employment contract. Defendant answered and denied the material allegations of the complaint.

At the trial of the action, plaintiff introduced testimony to prove, *inter alia,* that defendant's February 19, 1986 letter modified the employment contract and that Lenner satisfactorily performed the contract as modified. Defendant, however, sought to prove that the intent behind that letter was to reduce Lenner's duties only while he was in Florida

and that he was expected to resume his sales position upon his return to New York. Defendant further claimed that it terminated its employment contract with Lenner only when it became clear that Lenner's poor health had made it impossible for him to perform under the contract.

At the close of the trial Supreme Court ruled in favor of plaintiff, finding that the February 19, 1986 letter constituted a valid modification of the employment contract under General Obligations Law § 5-1103. Supreme Court further determined that Lenner performed the contract as modified and defendant breached the contract by terminating Lenner's services. This appeal by defendant ensued.

Defendant's chief contention on appeal is that Supreme Court erred in determining that the original contract was modified by the February 1986 letter. In our view, however, the evidence adduced at trial was sufficient to support this finding and we decline to disturb it (see, Alleva v Alleva Dairy, 129 AD2d 663). Furthermore, Goldenberg, testifying on defendant's behalf, stated that Lenner performed all services requested of him following the February 1986 letter. Based on the foregoing, we conclude that Supreme Court's determination should be affirmed.

Judgment affirmed, with costs. Kane, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.