■ CIVALE CORPORATION, Respondent, v COLONIAL ALUMINUM SALES, INC., Appellant.—Judgment, Supreme Court, New York County (Harold J. Hughes, J.), entered August 16, 1989, which, after a nonjury trial, awarded plaintiff $40,000 plus interest, costs and disbursements, unanimously affirmed, with costs.

Plaintiff, a general contractor, orally agreed with defendant that defendant would furnish and install windows for a pending construction project. A purchase order was sent to the defendant subcontractor containing the agreed terms. Defendant never objected to the terms of the purchase order. Defendant's receipt of the purchase order is evinced by defendant's conduct in obtaining and delivering to plaintiff a certificate of insurance complying with the terms of the purchase order, as well as by delivery of a sample window to the project site. While it may be that defendant misapprehended the particular type of window required by the project's plans and specifications, its principal ratified the agreement after defendant had received the plans and specifications, without ever advising plaintiff that the installation of less expensive windows had been contemplated. When the project architect rejected the sample window provided by defendant, plaintiff held defendant in default and entered into a new subcontract with a different entity for $130,000.

By all objective manifestations, an unambiguous agreement had been reached as to the material terms of this transaction, which was subsequently ratified by defendant. *(Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397; *Heinike Assocs. v Chili Lbr. Co.*, 83 AD2d 751.) Nothing more was required to be proven to hold defendant liable. It is not necessary to determine whether, for this agreement for the provision of goods and services, a writing was required pursuant to UCC 2-201 *(see, Schenectady Steel Co. v Trimpoli Gen. Constr. Co.*, 43 AD2d 234, *affd on other grounds* 34 NY2d 939) since the purchase order, which reflected a prior agreement between the parties, set forth the $90,000 contract price and, by incorporation of the project's plans and specifications, indicating the quality of goods involved, was clearly sufficient to meet the requirements of UCC 2-201 (2) *(see generally, Bazak Intl. Corp. v Mast Indus.*, 73 NY2d 113). Concur—Kupferman, J. P., Sullivan, Carro and Smith, JJ.