tomer files by a former employee of plaintiff, allegedly as the result of an agreement between defendant and plaintiff's former employee and for their benefit *(see generally,* Prosser and Keeton, Torts § 130, at 1022-1023 [5th ed]). Whether plaintiff's customer records are entitled to protection and the nature of the agreement between defendant and plaintiff's former employee are factual issues that cannot be resolved on this motion to dismiss. (Appeals from Order of Supreme Court, Monroe County, Curran, J.—Dismiss Complaint.) Present—Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.

■ TERRENCE K. CROWE, Respondent, v JUDITH CROWE, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed without costs *(see, Matter of Eric D.* [appeal No. 1.], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Erie County, Manz, J.—Custody.) Present—Boomer, J. P., Green, Lawton and Davis, JJ.

■ TERRENCE K. CROWE, Respondent, v JUDITH CROWE, Appellant. (Appeal No. 2.)—Order, insofar as appealed from, unanimously reversed on the law without costs and custody of parties' children granted to defendant, in accordance with the following Memorandum: The trial court had jurisdiction over the issue of custody pursuant to Domestic Relations Law § 75-d (1) (d).

We do not agree with the trial court that custody of the minor children should be granted to plaintiff. The record demonstrates that the best interests of the children require that custody be awarded to defendant *(see,* Domestic Relations Law § 240; *Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89).

Defendant was the primary caretaker of the children and devoted all of her time to them before the breakup of the marriage. The trial court did not accord any weight to the stability and continuity defendant offered her children by virtue of her role as primary caretaker *(see, Matter of Diane L. v Richard L.,* 151 AD2d 760; *Matter of Moon v Moon,* 120 AD2d 839) and focused instead on the stability that their paternal grandparents and plaintiff's siblings could offer. The fact that plaintiff can offer more material advantages is not controlling because defendant, the less affluent spouse, is capable of providing an adequate home.

Defendant is also available to assume responsibility for the daily care of the children whereas plaintiff's work schedule requires that they be in a day-care center most of the week. "Custody options which allow for the direct care and guidance