■ KREISLER BORG FLORMAN GENERAL CONSTRUCTION COMPANY, INC., Appellant, v ROSEN & MORELLI MASONS et al., Respondents.—In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Rubenfeld, J.H.O.), entered October 16, 1989, which, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff, a general construction contractor, commenced the within action alleging that the defendants had breached a subcontract by declining to perform certain masonry work for which they had successfully bid.

At a subsequently conducted bench trial, evidence was introduced establishing that the defendants' president became involved in a dispute with the owner's representative over a contract specification and withdrew from the project. Although no construction work had been performed by the defendants at the time and no written contract had, as yet, been executed, the plaintiff offered proof at trial that over a period of several months, the defendants' representatives attended job meetings, submitted a "trade payment breakdown", obtained a certificate of insurance for the job and undertook other specific actions, establishing—according to the plaintiff —that a binding contract had been entered into with respect to the masonry work.

In opposition to the plaintiff's contentions, the defendants offered proof that the foregoing activities were undertaken as

part of the negotiation process and were not indicative of an intent to enter into a binding contract. Moreover, evidence was adduced establishing that there were several areas of disagreement regarding certain contract specifications, which were never fully resolved prior to the defendants' withdrawal from the project.

After trial, the court found for the defendants and concluded, *inter alia,* that the evidence established that there had been no binding contract with respect to the masonry subcontract. We affirm.

It is well settled that, "[a] decision rendered by a court after a nonjury trial should not be disturbed on appeal unless it is clear that its conclusions could not have been reached under any fair interpretation of the evidence" *(Alleva v Alleva Dairy,* 129 AD2d 663; *see also, Universal Leasing Servs. v Flushing Hae Kwan Rest.,* 169 AD2d 829, 830; *Claridge Gardens v Menotti,* 160 AD2d 544, 545; *Nightingale Rest. Corp. v Shak Food Corp.,* 155 AD2d 297, 298; *Matter of Poggemeyer,* 87 AD2d 822, 823). We cannot say on the record before us, that the court's determination could not have been reached on "any fair interpretation of the evidence" *(Alleva v Alleva Dairy, supra,* at 663).

A review of the trial record reveals that there was competent evidence adduced, which the court could properly have credited, tending to establish that there was no meeting of the minds in connection with the essential terms of the masonry subcontract. Specifically, there was testimony from the defendants' president that many of the actions relied on by the plaintiff as evidencing the existence of a contract, were undertaken at the plaintiff's request and represented the normal accommodations extended to a general contractor as part of the negotiation process. Moreover, the record contains evidence that there were several areas of disagreement with respect to various components of the masonry subcontract which were never completely resolved prior to the defendants' decision to leave the job. Nor is there any dispute that there was no written contract executed with respect to the project and that no masonry work had actually been performed by the defendants. Although the plaintiff now argues that its interpretation of the attendant circumstances is the proper one and that an agreement had been reached with respect to all essential terms of the contract, we cannot say that the court's finding to the contrary is without support in the record. Finally, the cases on which the plaintiff relies do not require a contrary result. The First Department's holding in

*Carlin Constr. Co. v Whiffen Elec. Co.* (66 AD2d 684) is inapposite, since in that case, which is factually distinguishable in any event, the court merely reversed an award of summary judgment dismissing the complaint and concluded that triable issues of fact existed with respect to the possible formation of a binding contract. Moreover, the remaining cases on which the plaintiff relies are similarly inapposite *(see, e.g., Brown Bros. Elec. Contrs. v Beam Constr. Corp.,* 41 NY2d 397; *Civale Corp. v Colonial Aluminum Sales,* 165 AD2d 805), and do not establish that the court's determination as trier of fact in this particular matter was unsupported by any fair interpretation of the evidence before it. Mangano, P. J., Thompson, Lawrence and Eiber, JJ., concur.