COLLEEN ZACK, Respondent, v JEFFREY ZACK, Appellant.

Fourth Department, November 18, 1992

APPEARANCES OF COUNSEL

*Matusick, Spadafora & Verrastro,* Buffalo *(Brenda Freedman* of counsel), for appellant.

*Ange & Gordon,* Buffalo *(Joan Casilio* of counsel), for respondent.

### OPINION OF THE COURT

CALLAHAN, J. P.

Defendant husband appeals from a judgment which, following a bench trial, granted plaintiff a judgment of divorce dissolving the parties' marriage. The judgment directed that the remaining ancillary issues would be resolved at a later date. Defendant maintains that the evidence was insufficient as a matter of law to support a cause of action for divorce on the ground of cruel and inhuman treatment.

At the outset, before considering the merits of defendant's argument, we must address an issue raised by plaintiff about whether defendant may properly appeal the judgment of divorce. Plaintiff contends that the appeal should be dismissed because the judgment appealed from is a nonfinal judgment, interlocutory in nature, since it does not award equitable distribution *(see,* Domestic Relations Law § 236 [B] [5] [a]).

In dismissing similar appeals, the Third Department has held that, in the absence of a final judgment awarding equitable distribution, a finding of divorce is not effective *(Garcia v Garcia,* 178 AD2d 683) and that the judgment "is nothing more than a decision stating the intention on the part of the

court to divorce the parties in the future and, as such, is both nonbinding and nonfinal, as well as without legal effect" *(Sullivan v Sullivan,* 174 AD2d 862).

■ Domestic Relations Law § 236 (B) (5) requires that in all matrimonial cases, a final judgment shall be rendered determining all the respective rights of the parties including dissolution of the marriage as well as the economic issues. Plaintiff construes that statute as prohibiting the issuance of an appealable interlocutory divorce judgment prior to the final judgment awarding equitable distribution. In our view, that statute does not mandate such a result. That statute pertains only to disposition of property rights in the final judgment.

A judgment is the determination of the rights of the parties in an action and may be interlocutory or final (CPLR 5011). The court has the inherent power to order a severance and may direct judgment upon a part of a cause of action (CPLR 5012). Historically, the final judgment in a matrimonial action did not become final for a period of time. That was generally recognized as a cooling off period for the purpose of encouraging reconciliation of the parties. Those provisions requiring a waiting period were repealed.

In our view, when the Legislature repealed Domestic Relations Law §§ 241 and 242 (L 1968, ch 645, eff June 16, 1968) pertaining to interlocutory judgments in matrimonial actions, it did not prohibit the court from entering an interlocutory judgment. The significant effect of the repeal of those sections was to eliminate the waiting period. If the Legislature had intended to abandon interlocutory judgments in matrimonial cases, it would have specifically done so. The goals of judicial economy will not be fostered by forcing litigants to wait until the court has heard all ancillary issues before a judgment of divorce can be appealed, especially when there are no grounds for that divorce. Accordingly, we decline to follow the rationale of the Third Department and will resolve the substantive issue on the merits.

In reviewing the issue whether plaintiff established grounds for divorce based on cruel and inhuman treatment, we cannot ignore the prior history of this case. In 1988, plaintiff commenced an action for divorce on the ground of cruel and inhuman treatment. That action was dismissed following a nonjury trial on August 8, 1990. Subsequently, plaintiff commenced this action wherein she alleged that between August 8, 1990 and February 1991, defendant had embarked upon an

unrelenting campaign of physical and emotional terror against her.

■ Because of the preclusive effect of the prior judgment dismissing plaintiff's first action, we are concerned only with defendant's conduct in the period following the decision in that case. Plaintiff testified that during that relatively short period of time, defendant frequently grabbed and squeezed her breasts causing great pain, including one incident on Christmas Eve 1990 when he grabbed and twisted plaintiff's nipples so hard that they bled. She also testified to other instances when defendant punched her in the head, grabbed her hair, pushed her into the wall, smashed her hand in a kitchen drawer, and was otherwise physically and emotionally abusive. Plaintiff asserted that defendant's conduct had an impact on both her physical and mental well-being. Although defendant testified on his own behalf and denied that he had engaged in such conduct, the trial court found plaintiff to be the more credible witness.

Domestic Relations Law § 170 (1) provides that a divorce will be granted on the ground of cruel and inhuman treatment when the proof establishes that "the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant." It has been established that a plaintiff seeking a divorce on this ground must show serious misconduct on the part of defendant, not merely incompatibility of the parties (*Hessen v Hessen*, 33 NY2d 406, 410; *Stagliano v Stagliano*, 132 AD2d 975, 976; *Kleindinst v Kleindinst*, 116 AD2d 988).

■ The determination of the trial court as fact finder on the issue of cruel and inhuman treatment will not be lightly disturbed on appeal (*see, Dunne v Dunne*, 172 AD2d 482, 483). Giving due deference to the court's assessment of the credibility of the witnesses, we conclude that plaintiff sufficiently demonstrated a course of conduct by the defendant which "so endanger[ed] the physical or mental well being of the plaintiff as render[ed] it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]; *Dunne v Dunne, supra; Spinelli v Spinelli*, 160 AD2d 992).

Accordingly, the judgment should be affirmed.

GREEN, BALIO, FALLON and DAVIS, JJ., concur.

Judgment unanimously affirmed, without costs.