■ In the Matter of MELISSA BOGERT, Appellant, v DANIEL R. RICKARD, Respondent. [604 NYS2d 331] —Weiss, P. J. Appeal from an order of the Family Court of Chenango County (Dowd, J.), entered October 5, 1992, which, *inter alia,* granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

The parties were married on July 10, 1986 and have two children, Robert (born in 1987) and Amanda (born in 1989). Their final separation occurred during June 1990 and they entered into an informal joint custodial arrangement which provided that physical custody would be shared equally. The custodial arrangements were formalized in an agreement dated April 9, 1991 which was incorporated by reference in but survived the parties' April 19, 1991 judgment of divorce. The deterioration of the parties' cooperation in child-rearing decisions and with each other resulted in cross petitions for custody in April 1992.

After a two-day trial Family Court found that respondent manifested a pattern of stability in employment and in his home life, particularly with his new wife, and that petitioner was still without direction in her life. Finding the stability offered by respondent to be in the children's best interests, Family Court awarded sole custody to respondent even while observing that both parties were fit and loving parents. Petitioner has appealed.

Petitioner contends that Family Court's determination is against the weight of the evidence. Initially, while not determinative, the decision of the trial court rendered after a full evidentiary hearing must be accorded the greatest respect *(Eschbach v Eschbach,* 56 NY2d 167, 173; *Matter of Gitchell v Gitchell,* 165 AD2d 890, 893). This proceeding involved sharply contested issues of fact and the resolutions thereof and the weight attached thereto were clearly matters best suited to resolution by the trial court. We cannot agree that petitioner's version of the events should be accepted inasmuch as there is ample basis in the record to support the resolution of conflicting testimony against her, particularly because Family Court

had the advantage of hearing the witnesses and weighing the credibility of their testimony *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Matter of Amy J. v Brian K.,* 161 AD2d 1022, 1023; *Matter of Schwartz v Schwartz,* 144 AD2d 857, 859, *lv denied* 74 NY2d 604).

The conclusions reached by a trial court should not be disturbed unless they cannot be upheld under any fair interpretation of the evidence *(see, Lenner v Globe Bag Co.,* 154 AD2d 862, 864; *Alleva v Alleva Dairy,* 129 AD2d 663), especially where, as here, there are significant questions of credibility *(see, Matter of Liccione v John H.,* 65 NY2d 826, 827-828; *Anthony F. Wasilkowski, P. C. v Amsterdam Mem. Hosp.,* 109 AD2d 986, 988; *Patten v Nagy,* 99 AD2d 801; *Matter of Poggemeyer,* 87 AD2d 822). We find that Family Court's decision has a sound and substantial basis in the record and must be affirmed.

Petitioner argues that she was the children's primary caretaker prior to the parties' separation. While to an extent true,* as respondent was employed full time, in the time span relevant to the issues of custody (the two years prior to the hearing) each party tended to the children equally. Within this time frame there was conflicting testimony concerning the care of the children, various incidents involving the children and the situations of each party. While the record reveals that the parties were not without their faults, it amply supports the conclusion that respondent provided a loving and stable home environment with a positive family structure. Petitioner argues that respondent's employment will result in custody with a stepmother, but the record reveals otherwise. Respondent limited his work hours, adjusted his work schedule and declined a promotion to accommodate his personal care of the children, the oldest of which was entering school at the time of the hearing. Just as respondent's ability to offer more material advantages is not a *controlling* factor where the less affluent spouse is capable of providing an adequate home *(see, Crowe v Crowe,* 176 AD2d 1216, *lv denied* 79 NY2d 755; *see also, Eschbach v Eschbach,* 56 NY2d 167, 172, *supra),* a custody determination cannot be based upon any unfounded presumption that a father is a less than satisfactory parent

---

* Respondent testified that during the six months prior to their June 1990 separation, petitioner regularly absented herself from the marital residence overnight. While during the marriage respondent was the bread winner, the record is not without proof that respondent fully participated in the children's upbringing.

because he is employed while the mother is unemployed. Although the children will spend time with their stepmother it will be within a stable and loving home, and the quality of the home environment is a major factor in the totality of circumstances considered in determining the best interests of the children *(see, Eschbach v Eschbach, supra,* at 172) as is stability *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89, 94). The evidence presented at the fact-finding hearing established that respondent was able to provide both a stable and quality home environment and that petitioner, at the time of the hearing was not able to provide either.

Mikoll, Yesawich Jr., Crew III and Cardona, JJ., concur. Ordered that the order is affirmed, without costs.