[609 NYS2d 452]

Lawrence P. Busa, Also Known as Larry Busa, Respondent, v Margaret L. Busa, Appellant.

Third Department, March 24, 1994

APPEARANCES OF COUNSEL

*Philip T. Feiring,* West Hempstead *(Susan R. Nudelman* of counsel), for appellant.

*Andrew C. Jacobs,* East Greenbush, for respondent.

## OPINION OF THE COURT

CARDONA, P. J.

The parties were divorced by a judgment of divorce entered August 13, 1982 in Columbia County. The judgment of divorce did not contain an award of equitable distribution but left it to future application, which evidently never occurred. Defendant has occupied the former marital residence exclusively since that time. Plaintiff commenced this action seeking partition (RPAPL art 9) by service of a summons and complaint upon defendant on December 26, 1991. Defendant failed to serve an answer. Subsequently, on March 2, 1992, defendant moved to vacate her default in answering and, in effect, to compel plaintiff to accept her answer. In her proposed answer, defendant asserted as a defense to the partition action that the finding of divorce was not effective, as it was made in the absence of a final judgment awarding equitable distribution *(see, Garcia v Garcia,* 178 AD2d 683; *Sullivan v Sullivan,* 174 AD2d 862),* and therefore the parties' tenancy by the entirety had not been severed. As an additional defense, defendant asserted that she occupied the former marital residence pursuant to a temporary grant of exclusive possession made during

---

* In *Sullivan v Sullivan (supra)* and again in *Garcia v Garcia (supra),* we dismissed an appeal from a judgment which only granted a divorce but failed to make an award of equitable distribution pursuant to Domestic Relations Law § 236 (B) (5), holding that such a judgment was "nonbinding, nonfinal and without legal effect" *(Garcia v Garcia, supra).*

the parties' divorce action. Supreme Court denied the motion, finding that defendant failed to demonstrate a meritorious defense. Defendant appeals.

■ ■ Although we agree with Supreme Court's conclusion that our decisions in *Sullivan v Sullivan (supra)* and *Garcia v Garcia (supra)* should not be retroactively applied to invalidate the parties' judgment of divorce, we must, nevertheless, reverse. Supreme Court improvidently exercised its discretionary authority under CPLR 3012 (d) by denying defendant's motion solely on the ground that she failed to demonstrate a meritorious defense *(see, American Sec. Ins. Co. v Williams,* 176 AD2d 1094; *see also, Better v Town of Schodack,* 169 AD2d 965; *Continental Cas. Co. v Cozzolino Constr. Corp.,* 120 AD2d 779). Supreme Court should have considered the circumstances of the default.

■ The delay occurred as a result of law office failure, occasioned by defense counsel's assumption that communication of a request for an extension of time to his adversary's office was sufficient to avoid default. Absent confirmation of the extension, counsel should have served a timely answer and then amended the pleading to cure any deficiencies. Plaintiff's counsel acknowledged receipt of the request for an extension, but offered no explanation for the failure to respond in a timely fashion. In the interest of justice, we accept law office failure as a reasonable excuse for the delay *(see,* CPLR 2005) under these circumstances and, finding no prejudice to plaintiff, grant the application. Defendant's answer shall be deemed served upon entry of this Court's order.

■ As previously noted, we have determined that our decisions in *Sullivan* and *Garcia* should not be given retroactive effect because they represented "a sharp break" from our prior practice *(Gager v White,* 53 NY2d 475, 483, *cert denied sub nom. Guertin Co. v Cachat,* 454 US 1086) of considering appeals from judgments which bifurcated divorce from equitable distribution *(see, e.g., McKilligan v McKilligan,* 156 AD2d 904). Giving retroactive effect to *Sullivan* and *Garcia* will " 'wreak * * * havoc' " by destabilizing divorce judgments long considered final *(Gager v White, supra,* at 483). Thus, we find it appropriate to direct that these decisions operate prospectively from December 5, 1991, the date of our decision in *Garcia.* On that date, we unequivocally reiterated the rule that a divorce judgment which fails to make an award of equitable distribution is "nonbinding, nonfinal and without legal effect" *(Garcia v Garcia, supra).*

Although it is not necessary for the resolution of this appeal, to avoid unnecessary litigation in the matter, we find that any temporary order of exclusive possession of the former marital residence terminated when the instant divorce action ended, upon entry of judgment *(cf., Weaver v Weaver,* 72 AD2d 221, 223). Furthermore, once the judgment of divorce was entered, the tenancy by the entirety that existed between the parties was converted into a tenancy in common, permitting plaintiff to bring the instant action for partition under RPAPL 901 (1) *(see, Givens v Givens,* 138 AD2d 348; *McNally v McNally,* 129 AD2d 686, 687; *Ripp v Ripp,* 38 AD2d 65, 67, *affd* 32 NY2d 755), subject to any other defenses and/or appropriate counterclaims.

MIKOLL, CREW III and WEISS, JJ., concur.

Ordered that the order is reversed, on the law and the facts, with costs, and motion granted.