■ AGUSH KURTISH, Respondent, v JOVAN ISKOKOVIC, Appellant. (Action No. 1.) 42 RANDOLPH REALTY HOLDING, LTD., Appellant, v AGUSH KURTISH, Respondent. (Action No. 2.) [612 NYS2d 263] —Weiss, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Coppola, J.), entered September 18, 1991 in Westchester County, upon a decision of the court in favor of Agush Kurtish.

Briefly stated, the underlying facts are that on May 4, 1982 Agush Kurtish (hereinafter plaintiff) and Nick Uskokovic agreed to purchase from John Goldberg a multiple dwelling building known as 42 Randolph Street in the City of Yonkers, Westchester County, as partners. When Uskokovic lacked sufficient funds with which to close title, however, plaintiff decided to proceed on his own. On July 1, 1982 a closing* was held in plaintiff's absence and title was transferred to plaintiff and Jovan Iskokovic, the brother of Uskokovic. Iskokovic did not reside in the United States and his name was placed on the deed without plaintiff's knowledge. Plaintiff provided $8,-000 for the down payment with the balance apparently in the form of a mortgage on the premises having a balance of $74,420.08 assumed by the purchaser. Uskokovic lived in an apartment in the building rent free, collected the rents, paid the bills and managed the building. Plaintiff made the monthly mortgage payment of $965 from his own funds to Goldberg, who forwarded it to Francis Leatham, the mortgagee.

In 1985, when plaintiff learned that he was not the sole titled owner, he ejected Uskokovic from the building. In response, Uskokovic had Goldberg purchase the 50% interest held in Iskokovic's name by allegedly paying $8,000 to Uskokovic. Title to Iskokovic's interest was transferred on April 29, 1987 to 42 Randolph Realty Holding, Ltd. (hereinafter the

---

* The record does not include a contract, deed, mortgage or other closing instruments. It further appears that none of the exhibits or evidence at trial or the depositions can be found, other than copies of plaintiff's exhibit Nos. 1 (rider to purchase contract) and 2 (an escrow agreement), which are annexed to plaintiff's brief.

corporation), a corporation owned solely by Goldberg. Plaintiff commenced action No. 1 against Iskokovic seeking an order compelling the corporation to convey that 50% interest to him. The corporation commenced action No. 2 against plaintiff seeking an accounting. Following a bench trial, Supreme Court found that because plaintiff put up all the money for the purchase, made all mortgage payments and never agreed to share title with anyone, he should prevail. The court held that a constructive trust of the title existed for plaintiff's benefit and that the conveyance from Iskokovic to the corporation was a nullity; the court therefore ordered the corporation to convey the interest it held to plaintiff. Iskokovic and the corporation have appealed.

Initially, we note that Supreme Court erred in holding that a *constructive trust* of the 50% interest in the title existed in favor of plaintiff. The requisite elements to support a constructive trust are (1) a confidential or fiduciary relationship between the parties, (2) a promise from one to the other party, (3) a transfer in reliance on the promise, and (4) unjust enrichment *(see, Sharp v Kosmalski,* 40 NY2d 119; *Nockelun v Sawicki,* 197 AD2d 507; *Mendel v Hewitt,* 161 AD2d 849, 850). The facts found by Supreme Court more appropriately support the establishment of a *resulting trust (see,* EPTL 7-1.3).

We disagree with the sole contention of both Iskokovic and the corporation that plaintiff's proof was deficient and that the determination of Supreme Court could not be reached under any fair interpretation of the evidence *(see, Alleva v Alleva Dairy,* 129 AD2d 663). The evidence adduced at trial was sufficient to support the finding by the court and we decline to disturb it *(see, Lenner v Globe Bag Co.,* 154 AD2d 862), particularly where factual issues are resolved by determinations of witness credibility *(see, Saulpaugh v State of New York,* 132 AD2d 781, 782). Supreme Court had the advantage of viewing the witnesses, observing their demeanor and assessing their credibility first hand *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499). We perceive no basis for disturbing those determinations.

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.