■ DEBRA MELANCON, Appellant, v KIRK MELANCON, Respondent. [613 NYS2d 65] —Order unanimously modified on the

law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in determining that the primary residence of the children should be with defendant pendente lite. It is axiomatic that a custody determination must be based upon the best interests of the children *(see,* Domestic Relations Law § 240; *Eschbach v Eschbach,* 56 NY2d 167). In determining the best interests of the children, the court should examine the ability of the parties to provide for the emotional and intellectual development of the children, the quality of the home environment and the parental guidance provided *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947).

The record demonstrates that plaintiff is in close contact with the children's school personnel and involves the children in numerous extra-curricular activities. Plaintiff is presently involved in family counseling with the children and is presently able to spend substantial time with them. We agree with the Law Guardian's conclusion that the current home environment of the children, who reside with plaintiff at the maternal grandparents' home, is more suitable for the emotional, educational and physical well-being and development of the children. Defendant's present work schedule would often require third parties to care for the children *(see, Crowe v Crowe,* 176 AD2d 1216, 1216-1217). Additionally, defendant has failed to demonstrate that he could provide an emotionally stable home environment for the children.

Under the circumstances, we conclude that the best interests of the children require that the primary residence of the children remain with plaintiff pendente lite. The matter must be remitted to Supreme Court for the establishment of an appropriate visitation schedule pendente lite. (Appeal from Order of Supreme Court, Genesee County, Graney, J.—Temporary Custody.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.