■ CAROLYN A. BLAISE, Respondent, v ROLAND A. BLAISE,

SR., Appellant. [614 NYS2d 779] —Weiss, J. Appeals (1) from an amended judgment of the Supreme Court (Ryan, Jr., J.) granting plaintiff a divorce and ordering equitable distribution of the parties' marital property, entered April 23, 1993 in Clinton County, upon a decision of the court, and (2) from an order of said court, entered April 28, 1993 in Clinton County, which denied defendant's motion to set aside the decision.

In 1990, plaintiff commenced this action to terminate her 31-year marriage upon the ground of cruel and inhuman treatment. Defendant opposed the action and after a bifurcated nonjury trial, Supreme Court first granted a divorce and thereafter distributed marital property.

Defendant contends that plaintiff failed to establish that the conflicts between the parties, which he classifies as only marital discord, bickering and name calling, were more than transient discord in a long-term marriage and do not support her action for a divorce. We disagree. Plaintiff clearly established that defendant's misconduct was substantial and distinctly not transient (see, Brady v Brady, 64 NY2d 339, 344). She offered proof to show a pattern of continuing verbal abuse associated with alcohol abuse which caused her to fear for her safety and negatively effected her mental well-being. Plaintiff met the high degree of proof required when the marriage is of long duration (see, Silvera v Silvera, 147 AD2d 473). Defendant's generalized denials merely raised an issue of credibility which were resolved in plaintiff's favor. The findings of Supreme Court are entitled to due deference (see, Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492, 499; Saulpaugh v State of New York, 132 AD2d 781, 782) and, inasmuch as the record shows that the court's findings are fully supported by the evidence, we decline to disturb them (see, Lenner v Globe Bag Co., 154 AD2d 862, 864).

We find defendant's remaining contentions lacking in merit. The essentially equal distribution of marital property by in-kind distribution rather than by liquidation was well within Supreme Court's discretion and supported by the record. Nor do we find error in the bifurcation of the trial. Defendant's contention that Supreme Court lost jurisdiction to equitably divide the marital property by signing a judgment of divorce which contained a decretal paragraph scheduling a trial on the issue of equitable distribution is simply incorrect. It was not a final judgment of divorce (see, Garcia v Garcia, 178 AD2d 683) and may be characterized as "nothing more than a decision stating the intention on the part of the court to

divorce the parties in the future" *(Sullivan v Sullivan,* 174 AD2d 862; *cf., Zack v Zack,* 183 AD2d 382).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the amended judgment and order are affirmed, with costs.