■ KBF POLLUTION MANAGEMENT, INC., Respondent, v INTERSTATE LITHO CORP., Appellant. [623 NYS2d 621] —In an action to recover payment for goods sold and delivered, and to recover upon an account stated, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Dounias, J.), entered January 13, 1993, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $13,394.50.

Ordered that the judgment is affirmed, with costs.

On May 31, 1989, the plaintiff, a pollution management company, delivered a waste-volume reduction machine to the defendant, Interstate Litho Corp. During the next four-week period, the machine, which was designed to reduce the amount of waste water generated at the defendant's printing plant, was frequently inoperable due to electrical problems, and the plaintiff's employees were required to make regular service calls to "fine tune" its operation. According to the testimony of the plaintiff's vice president, the defendant corporation had been warned that the machine was still in the experimental stages of its development, and that a short "tune-up" period would be needed. Despite these early difficulties, the plaintiff maintains that by the end of June 1989, the machine was operating effectively and according to its specifications. However, in late July 1989 the defendant sought to return the machine to the plaintiff. The plaintiff refused to accept the return, and thereafter commenced the instant action seeking to recover payment, *inter alia,* for goods sold and delivered.

At the conclusion of a nonjury trial, the Supreme Court credited the testimony of the plaintiff's witnesses that the machine was operating properly within one month of its delivery, and concluded that the defects in the machine had been seasonably cured, and that the defendant's attempt to

reject was motivated by its purchase of a new plate processing unit which eliminated its need for the waste volume reduction machine.

On appeal, the defendant contends that the court erred by finding in favor of the plaintiff because the machine failed to perform in accordance with the parties' agreement, and was thus validly rejected. We disagree. It is well settled that " ' "[a] decision rendered by a court after a nonjury trial should not be disturbed on appeal unless it is clear that its conclusions could not have been reached under any fair interpretation of the evidence" ' " *(Kapoor v Jaggi,* 191 AD2d 479, 480, quoting *Kreisler Borg Florman Gen. Constr. Co. v Rosen & Morelli Masons,* 181 AD2d 813, 814). "[T]aking into account * * * 'the fact that the trial judge had the advantage of seeing the witnesses' " *(Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499, quoting *York Mtge. Corp. v Clotar Constr. Corp.,* 254 NY 128, 133-134), we cannot conclude that the Supreme Court's determination that the initial difficulties with the machine were seasonally cured was unwarranted by the evidence. Accordingly, the defendant was precluded from revoking its acceptance of the machine *(see,* UCC 2-608, 2-607 [2]).

Furthermore, the defendant's acceptance of the machine obligated it to pay the contract price of $13,394.50 *(see,* UCC 2-606 [1]; 2-607 [1]). Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.