■ DiCarlo Distributors, Inc., Appellant, v Turningpoint Systems, Inc., Respondent. [657 NYS2d 995] —In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Newmark, J.), entered April 9, 1996, which, upon a decision of the same court dated April 2, 1996, finding, after a nonjury trial, that the defendant was entitled to judgment dismissing the complaint and that the defendant was entitled to judgment on its counterclaims, is in favor of the defendant and against the plaintiff on the defendant's counterclaims in the principal sum of $94,641.50.

Ordered that the judgment is affirmed, with costs.

The determination of a court after a nonjury trial will not be disturbed on appeal unless it is clear that its conclusions could not have been reached under any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744; *Northville Indus. Corp. v Huebner,* 233 AD2d 488; *Bucci v Bucci,* 231 AD2d 665; *KBF Pollution Mgt. v Interstate Litho Corp.,* 213 AD2d 452). The trial court's determination that there was a breach by the plaintiff of the license agreement and the interim software programming agreement dated June 17, 1985, is supported by a fair interpretation of the evidence.

We agree with the Supreme Court's determination that the parties' use of the word "estimate" in a letter dated February 6, 1985, evinced an intent that the stated programming costs were simply an estimate and not a binding contract price.

The plaintiff's remaining contention is without merit. Rosenblatt, J. P., Sullivan, Pizzuto and Friedmann, JJ., concur.