Dr. Elizabeth Frothingham
LAMMERS, Plaintiff,

v.

Donald RUMSFELD, Secretary of
Defense, et al., Defendant.

No. CIV.A. 04–82.

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 17, 2004.

Dr. Elizabeth Frothingham Lanners, c/o Church of the Nazarene, Washington, DC, for Plaintiff.

Dennis Carl Barghaan, Jr., Esquire, Assistant United States Attorney, United States Attorney's Office, Alexandria, VA, for Defendants.

### MEMORANDUM ORDER

LEE, District Judge.

THIS matter is before the Court on Defendants Donald Rumsfeld and others' Motion to Dismiss and for Summary Judgment. Plaintiff Dr. Elizabeth Frothingham Lammers was denied her claim for a military pension survivor benefit annuity,

and she is suing the defendants, various United States Army officials, in their official capacities, for violations of her Due Process rights under the Fourth and Fifteenth Amendments of the United States Constitution and the Administrative Procedure Act for their failure to provide payments to her under the statutory Survivor Benefit Plan. *See* 10 U.S.C. §§ 1447–55 (2004). Dr. Elizabeth Frothingham Lammers and Retired Colonel William Lammers were granted a divorce on November 1, 1994. Col. Lammers died before the New York court could issue a decree dividing martial property. Thus, at the time of her application for the survivor benefit annuity, Dr. Elizabeth Frothingham Lammers was not a "spouse" or designee of the late Col. Lammers' survivor benefit annuity. There are two issues before the Court: (1) whether Plaintiff Dr. Elizabeth Frothingham Lammers is permitted to sue United States Army officials in their official capacities for violation of her Due Process rights in light of the Supreme Court's decision in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and (2) whether the Army Board for Correction of Military Records' denial of Dr. Elizabeth Frothingham Lammers' request to correct records to list her as a surviving spouse was "arbitrary and capricious, an abuse of discretion, or otherwise contrary to law." 5 U.S.C. § 706(2)(a).

The Court dismisses Dr. Frothingham Lammers' claims against Army officials in their official capacity because of the Supreme Court's decision in *Bivens* and its progeny, holding that officials are not liable for money damages in their official capacity for Constitutional torts. This Court grants summary judgment for the defendants as to the APA claim because Dr. Frothingham Lammers established no genuine dispute of material fact for trial, and Defendants are entitled to judgment as a matter of law since the Army's evaluation of Dr. Lammers' marital status in its review of her claim for survivor benefit payments did not violate the APA. Alternatively, this Court lacks jurisdiction to entertain this claim because it is an attempt to involve this Court in a marital property distribution proceeding that belongs in state, not federal, court.

## I. BACKGROUND

Plaintiff Dr. Elizabeth Frothingham Lammers ("Dr. Frothingham Lammers," "Plaintiff") married Col. William Lammers ("Col.Lammers") on December 17, 1977. In 1978, Col. Lammers turned sixty and became eligible both for military retired pay and to participate in the Survivor Benefit Plan [1] ("SBP"), a statutory benefit program available to former members of the military receiving retired pay. *See* 10 U.S.C. §§ 1447–55. Defense Finance and Accounting Service ("DFAS") records demonstrate that Col. Lammers elected to participate in the SBP, setting aside portions of his retired pay to fund an annuity that would benefit his survivors upon his death.

Col. Lammers subsequently filed for divorce against Dr. Lammers in the New York Supreme Court for New York Coun-

---

1. The Survivor Benefit Plan was established by statute, and it allows individuals who receive "retired pay" to set aside a portion of it on a monthly basis to establish an annuity for the benefit of a relative upon the member's death. 10 U.S.C. §§ 1448, 1452. "Retired pay" is a monthly payment that individuals who have served in the military for a given amount of time are entitled to after retirement. *Id.* Upon that member's death, the eligible beneficiary will receive payments as required under the statute. *Id.*; 10 U.S.C. § 1450.

ty.[2] On November 1, 1994, New York Supreme Court Justice Lewis Friedman issued an order in the divorce suit stating:

it is ADJUDGED, that the marriage between William Lammers, Plaintiff, and Elizabeth Frothingham Lammers, defendant, is dissolved by reason of the constructive abandonment of plaintiff by defendant for a period of one or more years and the cruel and inhuman treatment of plaintiff by defendant; it is further ORDERED AND ADJUDGED, that [defendant] is authorized to resume the use of her maiden name.

Admin. Record at 174–76. The order did not include any kind of property distribution.[3] *Id.*

On May 3, 1995, Col. Lammers provided a copy of this decree to DFAS and sought to reinstate the wife he was married to prior to marrying Dr. Lammers, "Eleanor." In a letter by Col. Lammers referencing a phone conversation that Col. Lammers had with a DFAS employee, Col. Lammers relates that he was told he would have to remarry Eleanor to designate her as his statutory beneficiary. Admin. Record at 177. The Administrative Record is silent as to whether the annuity payments under the SBP were ever disbursed to Eleanor.

Col. Lammers died in September 1998, before the New York court completed its consideration of property distribution issues relating to Col. Lammers and Dr. Frothingham Lammers' divorce.

After she did not receive annuity payments following Col. Lammers' death, Dr.

Frothingham Lammers wrote to DFAS asserting that she was Col. Lammers' "surviving spouse" and SBP beneficiary, since only the first half of the divorce proceeding was complete at that time. The Army Board for Correction of Military Records ("ABCMR") compiled an administrative record and ruled on Dr. Lammers' petition on February 7, 2003. After Dr. Frothingham Lammers' submission of new evidence, the ABCMR issued another opinion on July 1, 2004. In both cases, the ABCMR denied Dr. Frothingham Lammers' request to receive payments under the SBP as Col. Lammers' "surviving spouse." In essence, ABCMR concluded that Dr. Frothingham Lammers was not married to Col. Lammers at the time of his death and refused her petition.

ABCMR noted that New York Domestic Relations Law § 236 allows for bifurcated divorce proceedings, but concluded that "there is nothing in section 236 that would support a finding that a New York court must issue both a final decree of divorce and a final order of equitable distribution before the marital status of the parties is dissolved or terminated." Admin. Record at 157. Furthermore, it noted that the Comptroller General had,

[I]n at least one case, recognized a state court order that was entered subsequent to the death of the retiree in order to designate the former spouse as the SBP beneficiary. If the applicant [Dr. Frothingham Lammers] obtained such an order from the New York court having jurisdiction over the divorce proceeding,

---

2. The courts exercising appellate jurisdiction over the New York Supreme Court for New York County include the Appellate Division for the First Department, the relevant intermediate appellate court, and the New York Court of Appeals, the state court of last resort. *See* Mem. Law Supp. Mot. Dismiss Summ. J. at 13–14.

3. New York domestic relations law allows for bifurcated divorce proceedings in which a court may first decide whether to grant a divorce, and then, in a separate proceeding consider issues of property division and issue a final judgment. N.Y. Dom. Rel. Law § 236 (McKinney 2003).

she would have one year from the date of that order to request a deemed election for former spouse SBP.

*Id.*

Dr. Frothingham Lammers, a pro se plaintiff, filed a complaint in the Eastern District of Virginia on January 28, 2004. An amended complaint was filed on July 19, 2004. The Court takes Plaintiff's complaint to allege violation of her constitutional Due Process rights and of the APA.[4] Plaintiff seeks reversal of the ABCMR decision regarding her SBP annuity payments and an award of retroactive payments back to September 1998. Defendants are now seeking dismissal of Dr. Lammers' Due Process claim and summary judgment on the APA claim.

## II. Discussion

### A. Standard of Review

A Federal Rule of Civil Procedure 12(b)(6) motion should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. FED. R. CIV. P. 12(b)(6); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiffs, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). Conclusory allegations regarding the legal effect of the facts alleged need not be accepted. *See Labram v. Havel,* 43 F.3d 918, 921 (4th Cir.1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendants to prepare a fair response. *Conley,* 355 U.S. at 47, 78 S.Ct. 99.

Under Rule 56(c), the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

---

4. Dr. Lammers writes that she believes that the federal court is "the appropriate forum in which to seek relief" because her case involves "[c]onstitutional issues, including liberty rights provided in its Preamble, and due process rights protected by the Fifth and Fourteenth Amendments of the Bill of Rights ..." Am. Compl. at 12–13. She also states that,

> [g]overnance of the Armed Forces of the United States is controlled by federal laws and regulations enacted by the federal government and recorded as Title 10 in the United States Code. These laws include the regulation of military review boards so that they process applications in a timely, fair and equitable manner.

*Id.* at 13. Furthermore, Dr. Lammers writes that "the ABCMR decision as well as the decision of the Legal Office and Bill Tyminski, Director of Retired Pay Operations at DFAS were arbitrary, capricious, unsupported by evidence and contrary to law." *Id.* at 15.

"Rule 56(e) requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## B. Analysis

### Violation of Due Process of Law Claim

■ This Court dismisses Dr. Frothingham Lammers' Due Process claims against federal officials in their official capacity because they are barred by *Bivens* and its progeny. In *Bivens,* the Supreme Court held that a plaintiff could seek money damages from federal officials in their individual capacity for violation of his Fourth Amendment rights. 403 U.S. at 389, 91 S.Ct. 1999. The Court delimited this holding in *Federal Deposit Insurance Co. v. Meyer,* 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994), concluding that, although a federal agent could be sued as an individual under *Bivens* for violations of rights arising under the Constitution, a federal agency could not be held liable for damages. *Id.* at 486, 114 S.Ct. 996. The Fourth Circuit took *Meyer* to stand for the proposition that, a *"Bivens action does not lie against either agencies or officials in their official capacity." Doe v. Chao,* 306 F.3d 170, 184 (4th Cir.2002), *aff'd,* 540 U.S. 614, 124 S.Ct. 1204, 157 L.Ed.2d 1122 (2004) (emphasis in text) *(citing Meyer,* 510 U.S. at 484–86, 114 S.Ct. 996); *see Piccone v. Moatz,* 136 F.Supp.2d 525, 529 (E.D.Va.2001), *aff'd,* 25 Fed.Appx. 950, 2001 WL 1563996 (Fed.Cir.2001) *("Bivens* claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities"). Because Dr. Frothingham Lammers asserts her claim for violation of Due Process rights under the Constitution against federal officials acting in an official capacity, her suit must be dismissed.

### APA Claim: Summary Judgment for the Defendants

The Court grants summary judgment against the plaintiff on her APA claims because there is no genuine dispute of material fact for trial as to whether ABCMR's actions were "arbitrary and capricious, an abuse of discretion, or otherwise contrary to law," *see* 5 U.S.C. § 706(2)(A), because Dr. Frothingham Lammers was not a "spouse" at the time of the late Col. Lammers' death. Alternatively, this court lacks jurisdiction to hear this claim. Under the APA, when a district court reviews final agency action, it is to "(2) hold unlawful and set aside agency action, findings, and conclusions found to be(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* The Court declines to set aside the ABCMR's decision to deny Dr. Frothingham Lammers' petition to receive annuity payments under the SBP because no genuine question of material fact for trial exists and ABCMR's decision did not fall into any of these prohibited categories.

■ The statutes governing the SBP specify that the primary beneficiary of annuity payments is the "surviving spouse" of the former service member. 10 U.S.C. § 1450(a)(1). A "surviving spouse" is a "widow or widower," and a "widow" includes a person who is "the surviving wife of a person who, if not married to the person at the time he became eligible for retired pay—(A) was married to him for at least one year immediately before his death..." 10 U.S.C. § 1447(9) and (7). The statute does not, however, define the meaning of the word "wife." While Dr. Frothingham Lammers asserts that she was still Col. Lammers' wife at the time of his death since only half of her bifurcated

divorce had taken place, the ABCMR found that she was not his wife because the New York court involved in her divorce had already entered a decree dissolving the marriage and allowing Dr. Frothingham Lammers to commence using her maiden name.

Because New York law is not conclusive as to whether Dr. Frothingham Lammers' was Col. Lammers' wife at the time of his demise, the Court finds that ABCMR was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *See* 5 U.S.C. § 706(2)(A). The Appellate Division for the Third Department has held that "[i]n the absence of a final judgment awarding equitable distribution, a finding of divorce is not effective," meaning that the appellate court had no jurisdiction to hear an appeal. *Sullivan v. Sullivan,* 174 A.D.2d 862, 571 N.Y.S.2d 154 (3d Dep't 1991); *accord Blaise v. Blaise,* 206 A.D.2d 715, 614 N.Y.S.2d 779, 780 (3d Dep't 1994); *Busa v. Busa,* 196 A.D.2d 267, 609 N.Y.S.2d 452 (3d Dep't 1994). However, the Appellate Division for the Fourth Department disagrees wholeheartedly with the Third Department's approach, instead allowing appeals from trial court decisions granting divorce before equitable distribution has occurred. *See Zack v. Zack,* 183 A.D.2d 382, 590 N.Y.S.2d 632, 633 (4th Dep't 1992). The Lammers' divorce proceedings took place in the Appellate Division for the First Department, which, like the New York Court of Appeals, has not yet ruled on this question. Given this muddied legal state of affairs combined with the divorce court's decision to grant the divorce in 1994,[5] the ABCMR's ruling not to grant annuity payments to Dr. Frothingham Lammers because it found that Dr. Frothingham Lammers was not Col. Lammers' wife at the time of his death was not arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.

*APA Claim: No Jurisdiction to Decide the "APA Claim "*

■ Alternatively, this Court concludes that it is without jurisdiction to decide the APA claim in this case because, although Dr. Frothingham Lammers styles her claim as one for violation of the APA, in essence, she is asking the Court to distribute marital property in the wake of an unfinished divorce. It is traditionally the province of state courts to decide questions of domestic relations law. *See, e.g., Raftery v. Scott,* 756 F.2d 335, 343 (4th Cir. 1985) (noting that state courts are "particularly vested" with domestic relations jurisdiction). The Fourth Circuit in *Diaz v. Diaz,* 568 F.2d 1061 (4th Cir.1977), held that a district court should have abstained from any assertion of jurisdiction when a wife attempted to subject her husband's federal retirement and disability benefits to payments for alimony and child support before obtaining a state court decree entitling her to such payments. *Id.* at 1062. The Fourth Circuit determined that the district court was being asked to involve itself in "domestic relations matters ... wholly inappropriate for resolution in a federal forum." *Id.* Similarly, in this case, Dr. Frothingham Lammers is asking this Court sitting in the Eastern District of Virginia to involve itself in a matter of New York domestic relations laws unre-

---

5. That opinion stated:

it is ADJUDGED, that the marriage between William Lammers, Plaintiff, and Elizabeth Frothingham Lammers, defendant, is dissolved by reason of the constructive abandonment of plaintiff by defendant for a period of one or more years and the cruel and inhuman treatment of plaintiff by defendant; it is further ORDERED AND ADJUDGED, that [defendant] is authorized to resume the use of her maiden name.

Admin. Record at 174–76.

solved by that state's court of last resort, as well as to make a property distribution ruling. For the reasons stated in the Fourth Circuit's opinion in *Diaz*, this Court abstains from doing so. *See id.*[6]

### III. CONCLUSION

Because Dr. Frothingham Lammers sued the various defendants in their official capacity, this Court dismisses her claims for violation of her Due Process rights under *Bivens* and its progeny. As to the APA claim, this Court holds that no genuine dispute of material fact exists for trial, and the ABCMR's denial of her claim for survivor benefit annuity payments was not "arbitrary and capricious, an abuse of discretion, or otherwise contrary to law," and in the alternative, this Court lacks jurisdiction to hear this claim. 5 U.S.C. § 706(2)(A); *see Diaz*, 568 F.2d 1061.

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss and for Summary Judgment is GRANTED.

The Clerk is directed to enter a separate Rule 58 judgment order and to forward a copy of this Order to counsel of record.

---

**6.** Furthermore, it appears that Dr. Frothingham Lammers may be able to pursue her action to be deemed the beneficiary of Col. Lammers' annuity by proceeding against Col. Lammers' estate in a New York court. In *Agliata v. Agliata*, 155 Misc.2d 385, 589 N.Y.S.2d 236 (1992), the Supreme Court for Erie County held that the estate of a deceased plaintiff in a divorce proceeding could proceed with its efforts to obtain a final divorce including equitable distribution even though the plaintiff died after the court decided to grant the divorce but before final judgment and equitable distribution occurred. *Id.* at 240. As the ABCMR noted in its decision, the DFAS pointed out to Dr. Frothingham Lam-

mers that "the Comptroller General had, in at least one case, recognized a state court order that was entered subsequent to the death of the retiree in order to designate the former spouse as the SBP beneficiary." Admin. Record at 157. Furthermore, "if the applicant obtained such an order from the New York court having jurisdiction over the divorce proceeding, she would have one year from the date of that order to request a deemed election for former spouse SBP." *Id.* In other words, it seems that Dr. Frothingham Lammers may have recourse in the courts of the state where the divorce action took place.