In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Dutchess County (Rosa, J.), dated June 22, 2015, which granted the plaintiff’s motion for summary judgment on the cause of action alleging breach of contract and denied the defendant’s motion for summary judgment dismissing that cause of action, and (2) a judgment of the same court dated December 1, 2015, which, upon the order, is in favor of the plaintiff and against it in the total sum of $78,942.95.
 

 Ordered that the appeal from the order is dismissed; and it is further,
 

 Ordered that the judgment is affirmed; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
 

 This action arises from a dispute between the plaintiff and the defendant as to the existence of an enforceable contract for the sale of a truckload of frozen ground turkey. In March and April 2012, the plaintiff sold truckloads of frozen ground turkey to the defendant. In May 2012, the plaintiffs president, George Oppenheimer, contacted a representative of the defendant, Mark Kiriakou, via email regarding an additional shipment of frozen ground turkey. Kiriakou eventually provided Oppenheimer with a purchase order number and delivery location for the order. In the course of the email communications with respect to this order, Oppenheimer provided Kiriakou with multiple invoices containing different prices. When the turkey was in transit to be delivered, the defendant’s then-CEO contacted Oppenheimer and stated that the defendant could not pay for the order and therefore could not accept delivery. Eventually, the turkey was placed in a storage facility.
 

 The plaintiff commenced this action alleging, inter alia, that the defendant breached a contract for the sale of the turkey. The plaintiff moved for summary judgment on the breach of contract cause of action, and the defendant moved for summary judgment dismissing that cause of action. The Supreme Court granted the plaintiff’s motion and denied the defendant’s motion. A judgment was entered upon the order in favor of the plaintiff and against the defendant, and the defendant appeals.
 

 “A contract for the sale of goods for the price of $500 or more is not enforceable ‘unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker’ ” (Bazak Intl. Corp. v Mast Indus., 73 NY2d 113, 119 [1989], quoting UCC 2-201 [1]). “Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within [10] days after it is received” (UCC 2-201 [2]).
 

 Here, contrary to the defendant’s contentions, the Supreme Court properly found that the writings submitted by the plaintiff satisfied UCC 2-201 (2) (see Bazak Intl. Corp. v Mast Indus., 73 NY2d at 123; Crabtree v Elizabeth Arden Sales Corp., 305 NY 48, 55 [1953]; Civale Corp. v Colonial Aluminum Sales, 165 AD2d 805, 805 [1990]; cf. Henry L. Fox Co. v Kaufman Org., 74 NY2d 136, 142-143 [1989]).
 

 Moreover, the Supreme Court properly determined that the plaintiff made a prima facie showing that the parties entered into an enforceable agreement (see UCC 2-204, 2-305; Bay Refrig. Corp. v All Well Supplies, 213 AD2d 439, 439 [1995]; Judal Indus. v Welsbach Elec. Corp., 138 AD2d 573, 574-575 [1988]). The plaintiff established that the parties reached an agreement for the purchase of a truckload of frozen ground turkey to be delivered on June 27, 2012, at the defendant’s specified delivery location. Although the invoices submitted by the plaintiff contained varying prices, there was no “dispute over essential terms [that] manifest [ed] a lack of intention to contract” (Judal Indus. v Welsbach Elec. Corp., 138 AD2d at 574; see Kleinschmidt Div. of SCM Corp. v Futuronics Corp., 41 NY2d 972 [1977]). In opposition, the defendant failed to raise a triable issue of fact.
 

 Accordingly, the Supreme Court properly granted the plaintiff’s motion for summary judgment on the cause of action alleging breach of contract and denied the defendant’s motion for summary judgment dismissing that cause of action.
 

 Dillon, J.P., Cohen, Connolly and Christopher, JJ., concur.