■ In the Matter of ELMER H. VAN HOESEN, JR., Respondent, v SALLY J. VAN HOESEN, Appellant.—Mahoney, J. Appeal from an order of the Family Court of Fulton County (Lomanto, J.), entered January 30, 1991, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

The parties to this proceeding married in 1979. In 1985 they adopted Justin who was then 10 months old. Two years later the parties divorced and a judgment was entered awarding custody of Justin to respondent. Matters proceeded without incident until July 1989 when petitioner commenced this proceeding for change of custody citing respondent's ill health and alleging that Justin had been physically abused by one of respondent's paramours and, as a result, was at serious risk of physical and emotional injury. At the conclusion of a fact-finding hearing, Family Court found that a sufficient change of circumstances was established and ordered a change in custody from respondent to petitioner. Respondent appeals.

Unquestionably, the underlying consideration in any custody matter is the best interest of the child *(see, e.g., Hathaway v Hathaway,* 175 AD2d 336, 337). To this end, alteration of an established custody arrangement will be ordered only upon a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child *(Matter of McCauliffe v Peace,* 176 AD2d 382, 383). Such determinations, obviously, are sui generis and involve inquiry into, among other things, each parent's past performance, stability, fitness, home environment and ability to guide the child's intellectual and emotional development *(see, e.g., Matter of Dinino v Deima,* 173 AD2d 1017, 1018; *Matter of Gitchell v Gitchell,* 165 AD2d 890, 894).

Because evaluation of these sensitive issues is best made by the trial court which has a first-hand opportunity to assess the parties, the witnesses and their testimony, appellate courts traditionally have accorded great deference to Family Court determinations on this subject and will not disturb them on appeal unless they lack a sound and substantial basis in the record *(see, e.g., Cochran v Cochran,* 177 AD2d 818, 819).

Applying the foregoing principles here, we cannot say that Family Court's findings and determination lacked the requisite sound and substantial basis. The transcript is replete with evidence that both respondent and Justin were physically abused over a seven-month period by respondent's former live-in paramour. Respondent admitted that initially she failed to take any action whatsoever to remove herself and Justin from this environment or otherwise to protect Justin from harm despite her knowledge of the physical abuse and the resultant emotional side effects he was experiencing. It was further established that Justin, who was six years old at the time of the hearing, has developed severe emotional and behavioral problems which are negatively impacting his progress in school and which respondent is completely unable to control or to counteract with appropriate discipline. According to a mental health counselor familiar with the case, these problems, which range from "acting out" and temper tantrums to more disturbing acts such as self-abusive behavior, urinating on the floor, bowel incontinence and random acts of physical violence directed at inanimate objects and, on occasion, at respondent, stem, in part, from respondent's documented emotional instability and require for treatment a modicum of consistency that respondent has proved over time to be unable to provide. On the other hand, record proof demonstrated that since the initial custody decree, petitioner has remarried, has two young children and has established a stable, healthy family life. During summer visitation with Justin, petitioner and his wife have instituted several behavior modification techniques in an effort to deal with his behavioral problems and have indicated success in this regard.

In sum, although respondent presents a sympathetic case and it is clear that she cares deeply for Justin, we concur with Family Court and the recommendation of the Law Guardian that a change of custody is warranted here and will substantially enhance this child's welfare.

Levine, J. P., Mercure, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.