■ In the Matter of DELWIN R. YOUNG, SR., Appellant, v CRYSTAL L. HASSELMAN, Respondent.—Weiss, P. J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered March 4, 1991, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

A child was born out of wedlock to petitioner and respondent on August 1, 1989. On April 12, 1990, Family Court made an order of filiation and support declaring petitioner to be the child's father. In July 1990, petitioner commenced this proceeding seeking custody of the child. Family Court awarded temporary custody to respondent, appointed a Law Guardian and made temporary orders of protection. Respondent answered and interposed a cross petition for sole custody. After a hearing in which major deficits in both parties affecting their abilities to be good parents were demonstrated, Family Court concluded that it would be in the best interest of the child to award sole custody to respondent with visitation rights to petitioner. This appeal followed.

Initially, petitioner contends that Family Court failed to sufficiently set forth the factors relied upon in its custody determination. Contrary to petitioner's argument, Family Court analyzed the ability of petitioner and respondent to care for the child based upon the past history and future prospects of each and specifically recited the negative and positive characteristics of both. The court found, in essence, more stability for the child with respondent and her support system than would likely occur with petitioner. Specifically, Family Court found that respondent was acting more like the teen-

ager she was and less like a young mother. The court also found, however, that respondent took good care of the child and always arranged for proper babysitting with her mother and other relatives. The court found that respondent had made a series of poor choices in her multiple male relationships. On the other hand, Family Court found that petitioner had a voluminous police record with multiple arrests and an expansive history of psychiatric illness including alcoholism, violence and suicidal tendencies, and concluded that the pattern of the past 15 years was likely to continue. Moreover, the court found that petitioner lacked credibility and that his testimony was somewhat vague when compared with respondent's testimony, which it found to be credible.

It is fundamental that the primary consideration in any child custody dispute remains the best interest of the child (Domestic Relations Law § 70; *Matter of Van Hoesen v Van Hoesen,* 186 AD2d 903; *Matter of Rozelle v Rozelle,* 184 AD2d 973, 974; *Matter of McCauliffe v Peace,* 176 AD2d 382, 383). And an alteration of an established custody arrangement will be ordered only upon a showing of a sufficient change in circumstances which reflects a genuine need to insure the continued best interest of the child *(see, Matter of Van Hoesen v Van Hoesen, supra).* With these principles in mind, we find that petitioner has failed to make the requisite showing to support a change in the custody arrangement.

A significant portion of petitioner's argument is directed to the weight and preponderance of the evidence and the interpretation made by Family Court. Because support for the court's findings and conclusion can be found in the record, its determination is entitled to deference *(see, Matter of Hall v Keats,* 184 AD2d 825, 826; *Matter of Flynn-Stallmer v Stallmer,* 167 AD2d 575, 576, *lv dismissed* 77 NY2d 939). Simply stated, we find no basis in the record to disturb Family Court's order.

Petitioner next contends that Family Court improperly delegated its authority to establish a specific visitation schedule. We agree. The court determined that petitioner was entitled to regular visitation and requested that respondent's attorney submit a proposed order with a schedule. The resulting schedule, from 11:00 A.M. to 6:00 P.M. on Sundays and from 4:30 P.M. to 7:30 P.M. on Wednesdays, is not the product of a reasoned court determination. This Court is left without a finding of essential facts upon which the visitation schedule was based, thus precluding our effective appellate review *(see, Giorando v Giorando,* 93 AD2d 310, 312). Because two years

will have passed since the hearing was concluded and changes in the prevailing circumstances affecting the visitation issue may have occurred, this matter must be remitted to Family Court for further proceedings and for findings of fact and conclusions regarding visitation (cf., Matter of Kyesha A., 176 AD2d 381, 382).

Mercure, Crew III, Casey and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as established a visitation schedule; matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.