■ In the Matter of DANIEL R., Appellant, v NOEL R., Respondent. (And Another Related Proceeding.) [600 NYS2d 314] — Mahoney, J. Appeals (1) from an order of the Family Court of Washington County (Berke, J.), entered September 16, 1991, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child, and (2) from an order of said court, entered May 4, 1992, which granted respondent's application, in a proceeding pursuant to Family Court Act article 4, to modify a prior order regarding petitioner's visitation with said child.

Petitioner and respondent were married in March 1988. At the time of the marriage respondent had physical custody of her two minor children from a prior marriage, David and Matthew. In June 1988 a son, Daniel, was born to the parties. Family matters proceeded without incident until May 1989 when the parties learned that David and Matthew had been sexually abused by their father, respondent's ex-husband. This

unfortunate discovery led to marital problems between petitioner and respondent, petitioner indicating that he could not love his two stepsons any more and claiming that their presence in the household created a risk that they would molest Daniel. While the parties pursued counseling, the relationship never recovered and ultimately ended in May 1990 when petitioner left the marital residence taking Daniel with him.

Shortly thereafter, petitioner commenced a proceeding seeking sole custody of Daniel. Respondent cross-petitioned for the same relief and Family Court issued a temporary joint custody award with alternating physical custody pending resolution of the controversy. During that time, petitioner remained adamant that Daniel was being sexually abused by Matthew. He filed several complaints to this effect with the New York State Child Abuse and Maltreatment Register (hereinafter Child Abuse Registry), none of which were indicated,* and on one occasion just prior to the hearing date brought Daniel to the emergency room claiming that Daniel, then three years old, told him that Matthew had perpetrated certain acts of anal abuse upon him. While the examining physician's assistant found no physical evidence of abuse, he reported the case to the Child Abuse Registry which commenced another investigation. As before, the investigation revealed no credible evidence of sexual abuse.

At trial on the custody petition, petitioner sought to show that he should have custody of Daniel, in part because the child had been sexually abused by Matthew. At the conclusion of the proof, Family Court found no credible evidence of sexual abuse and determined that Daniel's best interest would be achieved by placing him in respondent's sole custody with petitioner having visitation every other weekend. Petitioner filed a notice of appeal from the order entered on this decision.

In a surprising turn of events, during pendency of the appeal and less than one month after Family Court issued its custody determination, respondent sought modification of the award to terminate petitioner's visitation rights altogether on the ground that *he* was sexually abusing Daniel. Evidently, shortly after the court's custody award, Daniel told respondent that petitioner had abused him anally and orally. Following an evidentiary hearing whereat numerous witnesses testi-

---

* An indicated report is one which, upon investigation, is found to be supported by some credible evidence (Social Services Law § 412 [12]).

fied regarding Daniel's allegations of sexual abuse by petitioner, Family Court concluded that petitioner had in fact sexually abused Daniel, thus establishing a substantial change of circumstances sufficient to warrant modification of the custody award. By way of modification, Family Court terminated visitation between petitioner and Daniel until such time as Daniel and petitioner, if necessary, successfully completed a course of therapy and counseling. The court's order further provided that if and when it appeared from the therapist's reports that petitioner should be given some type of visitation with Daniel, he was to be notified and was to commence a modification proceeding. Petitioner filed a notice of appeal from this order as well and both matters are now before us for disposition.

Addressing first petitioner's contentions relative to the initial custody proceeding, we disagree with his argument that Family Court's determination awarding sole custody to respondent is contrary to the weight and preponderance of the evidence. It is beyond dispute that great deference is accorded to factual findings made by Family Court, which had direct observation of and access to the parties and the professionals who testified. As a result, those findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (see, e.g., Matter of Young v Hasselman, 188 AD2d 891, 892; Cochran v Cochran, 177 AD2d 818, 819). Here, a review of the record clearly establishes that Family Court's determination, both as to the absence of sexual abuse by Matthew and the awarding of custody to respondent, meets or surpasses this standard. No physical evidence of sexual abuse was noted by the physician's assistant who examined Daniel in the emergency room. In addition, Deborah Thomas, a child protective caseworker who interviewed Daniel in connection with one of the Child Abuse Registry reports, indicated that Daniel denied that Matthew, David or anyone else had sexually abused him. This, combined with an incident caught on videotape during a break in the interview where petitioner was seen scolding and berating Daniel for not telling Thomas about the sexual abuse, led Thomas to opine that Daniel had not been sexually abused and to question whether petitioner had been attempting to coach him. Also relevant in this regard is respondent's testimony that she did not allow Daniel and the two other boys to be alone together while in her care. While petitioner attempted to support his allegations of sexual abuse by testimony from a babysitter that Matthew exhibited sexual behavior on several occasions and testimony from his

girlfriend that she noted bruises around Daniel's hips, at best this created a credibility determination which Family Court decided against petitioner. Based upon the strength of the countervailing evidence, we see no reason to disturb the court's conclusion.

Turning to the modification petition, the gravamen of petitioner's argument is that Daniel's out-of-court statements that petitioner sexually abused him were not adequately corroborated. We disagree. Initially, we note that while this was a custody modification proceeding and not an abuse or neglect proceeding, because modification was sought on grounds of abuse, the corroboration requirements of Family Court Act § 1046 (a) (vi) are applicable and must be complied with *(see, Matter of Le Favour v Koch,* 124 AD2d 903, 906-907, *lv denied* 69 NY2d 605; *see also, Matter of Sharrell B.,* 190 AD2d 629; *Matter of Albert G. v Denise B.,* 181 AD2d 732, 733; *Jane P. v John P.,* 135 Misc 2d 400; *but see, Matter of Peter S. v Cheryl A. S.,* 190 AD2d 1038). Upon review, we find that Daniel's out-of-court statements were adequately corroborated.

As is made clear from a reading of Family Court Act § 1046 (a) (vi), statements may be corroborated by "[a]ny other evidence tending to support" their reliability. Here, not only was there evidence that Daniel was afflicted with chlamydia, a sexually transmitted disease *(see, Matter of Nicole V.,* 71 NY2d 112, 119), but also expert testimony that Daniel was sexually abused by petitioner. The expert testimony revealed that Daniel described the acts inflicted upon him and demonstrated them, not only by using anatomically correct dolls but also by physical exhibition. Testimony further established that Daniel displayed anxiety, what one expert characterized as extremely sexualized behavior and fear of petitioner, whom he referred to as the "big bad wolf", behavior which is consistent with the symptoms exhibited by an abused child. The foregoing, combined with the experts' unanimous opinions that Daniel was being truthful about the fact he was being abused, undoubtedly provides adequate corroboration *(see, Matter of Brandon UU.,* 193 AD2d 835; *Matter of Le Favour v Koch, supra,* at 904-906; *see also, Matter of Lauren KK.,* 175 AD2d 393). While petitioner flatly denied the truth of Daniel's allegations and raised alleged infirmities in the experts' testimony on cross-examination, such presented a question of credibility which Family Court resolved in respondent's favor. Again, based upon our review of the record, we find no basis for disturbing Family Court's resolution of this credibility issue.

As a final matter, it was error to admit into evidence testimony that petitioner had failed a polygraph test with regard to the allegations of sexual abuse, which test he himself suggested and voluntarily underwent. However, in view of Family Court's express notation in its decision that it gave no consideration to that information, accompanied by the fact that the record contains ample other evidence supportive of the modification determination, we are satisfied that any error in this regard was harmless.

Weiss, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the orders are affirmed, without costs.