■ In the Matter of THOMAS J. POWERS, Respondent-Appellant, v SHARON F. POWERS, Appellant-Respondent. (And Another Related Proceeding.) [608 NYS2d 342] —Weiss, J. Cross appeals from an order of the Family Court of Saratoga County (Ferradino, J.), entered June 8, 1992, which, inter alia, in two proceedings pursuant to Family Court Act article 6, dismissed petitioner's application for joint legal custody of the parties' child and dismissed respondent's application to relocate.

The intimate relationship between petitioner and respondent following their August 21, 1986 divorce ended shortly after their child Meghan (born in August 1990) was conceived. An order of filiation was entered on August 23, 1990 and, upon stipulation, another order dated September 6, 1990 was entered granting respondent sole custody of the child. On October 26, 1990 petitioner commenced a proceeding to modify custody and by cross petition respondent sought court permission allowing her to relocate with the child to Illinois. Family Court denied both petitions and set specific visitation hours, modifying the terms set forth in a pendente lite order by eliminating the mid-week, mid-day visitation rights of petitioner. Both parties have appealed.

Turning first to petitioner's appeal, contrary to his contention, the change of circumstances he has alleged fail to justify modification of sole custody to that of joint custody. Initially, we recognize that the parties' voluntary agreement to custody is a weighty, although not absolute, factor in custody disputes

*(see, Matter of Nehra v Uhlar,* 43 NY2d 242, 251; *Matter of Sullivan v Sullivan,* 190 AD2d 852, 853, *lv denied* 81 NY2d 706). Petitioner has failed to establish fault with respondent's loving care of the child or their stable living situation. The changes which occurred in petitioner's lifestyle during the extended proceedings, while improving his ability to care for the child, are clearly insufficient to warrant a change in custody *(see, Macari v Macari,* 50 AD2d 818). Moreover, it appears that petitioner has exhibited an inability to abide by the reasoned child-rearing decisions made by respondent and seeks to control and dominate her, which, under the existing circumstances, makes joint custody inappropriate. We find that the conclusions reached by Family Court in this regard are amply supported by the record.

With respect to respondent's appeal, we similarly agree that Family Court was correct in finding that no exceptional circumstances have been proven to warrant respondent's relocation to Illinois and that this finding is firmly supported by the record. It is clear that the essence of respondent's desire to relocate is to be nearer to her parents. Any limited financial gain due to different employment, a fact clearly not established, would be offset by the additional cost of visitation. When weighed against the inevitable frustration of petitioner's fully exercised visitation rights, respondent has failed to rebut the presumption that such a major relocation would not be in the child's best interest *(see, Matter of Atkinson v Atkinson,* 197 AD2d 771).

We further find that the contentions asserted by the parties which challenge the propriety of Family Court's decision essentially distill to disagreement with the weight placed on the evidence by the court. The primary consideration in any custody matter is always the child's best interest, which here was appropriately found to be the basis of the decision. Family Court had the advantage of hearing the witnesses and weighing their credibility *(see, Matter of Bogert v Rickard,* 199 AD2d 587) and its decision is entitled to great deference from this Court *(see, supra; see also, Matter of Perry v Perry,* 194 AD2d 837). Consequently, we find no reason to disturb Family Court's order, except to the extent that Family Court neglected to address adjustments to the visitation schedule to accommodate major family holidays, and to this limited extent we find that the order should be modified.

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by directing that the matter be remitted to the Family Court

of Saratoga County for further proceedings not inconsistent with this Court's decision, and, as so modified, affirmed.