■ In the Matter of TERRY BELDEN, Respondent, v ELAINE KEYSER, Appellant. [614 NYS2d 477] —Weiss, J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered February 26, 1993, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' son.

The parties, never married to each other, have a son born in April 1987. Respondent had custody of the child and petitioner enjoyed liberal visitation. On June 25, 1992, the parties entered a stipulation before Family Court which permitted respondent to relocate to Georgia but provided petitioner with expansive vacation period visitation. At the time of the stipulation respondent planned to, and on July 18, 1992 did, marry a man with whom she had a minimal relationship.

The instant petition for change of custody was filed on August 18, 1992 following a dispute about the summer visitation and respondent's failure to keep petitioner informed about the boy's circumstances as required by the stipulation. Respondent's best friend expressed concern for the boy and about respondent's intentions to impair the father-son relationship and to thwart petitioner's visitation rights. Following an extensive hearing, Family Court awarded custody to petitioner and precluded visitation by respondent pending her compliance with an expanded program to be established by the Probation Department.

Respondent's challenge to Family Court's decision is essentially focused upon the weight placed on the evidence by the court. The primary consideration in any custody matter is always the child's best interest, which here was appropriately found to be the basis of the decision. Family Court had the advantage of hearing the witnesses and weighing credibility (see, Matter of Bogert v Rickard, 199 AD2d 587) and its decision is entitled to deference from this Court (see, Matter of

*Powers v Powers*, 201 AD2d 838; *Matter of Perry v Perry*, 194 AD2d 837). The record demonstrates that at the time of the June 25, 1992 stipulation, respondent harbored an undisclosed intent to eliminate petitioner's relationship with his son and to marry an individual with whom she had only telephone and written contacts but never met. She then took the child to rural Georgia and set up housekeeping in an old farmhouse without running water or a telephone. She also commenced a campaign of insidious disparagement of petitioner in an effort to destroy the boy's relationship with his father *(see, Finn v Finn,* 176 AD2d 1132, 1133). Family Court found these changes in the child's circumstances to be detrimental *(see, Matter of Muzzi v Muzzi,* 189 AD2d 1022, 1023).

An analysis of a child's best interest requires a multifaceted inquiry into maintaining stability in his life, relative fitness of the parents, quality of home environment and the competence of parental guidance *(see, Matter of McCauliffe v Peace,* 176 AD2d 382, 383; *Matter of Dinino v Deima,* 173 AD2d 1017, 1018). Here, petitioner established that he had a stable living arrangement, steady employment with good income, and strong local familial ties, which contrasted sharply with respondent's situation in Georgia. The record clearly establishes that the change in custody substantially enhances the child's welfare and stability and that petitioner is the more fit parent *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89). The totality of the circumstances fully and strongly support Family Court's custodial determination *(see, Eschbach v Eschbach,* 56 NY2d 167) and that decision should not be disturbed.

However, we find that the suspension of respondent's visitation rights lacks such strong support. The denial of child visitation to a noncustodial parent is a drastic remedy requiring compelling reasons and substantial evidence to show that visitation would be detrimental to the welfare of the child *(see, Matter of McCauliffe v Peace, supra,* at 383-384). We agree that respondent's efforts to brainwash her son against petitioner and subjecting the boy to her venomous hatred of petitioner justify judicial restrictions on visitation until she can control her impulses and fully understand the effects of her conduct on her son. However, termination was neither sought by petitioner nor recommended or suggested by the Law Guardian or home studies, and since no professional assistance has been sought for the child, the more appropriate remedy would be supervised visitation arrangements estab-

lished by Family Court with strict guidelines and continuing review if necessary *(see, Matter of McCauliffe v Peace, supra).**

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as suspended respondent's visitation rights; matter remitted to the Family Court of Fulton County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

* Due to the nature of the visitation suspension and the provisions for prompt judicial review of the plan of action to be proposed by the Probation Department, this issue may be moot.