■ In the Matter of JAMES R. ROHAN, Respondent, v JAMIE S. ROHAN, Appellant. [623 NYS2d 390] —White, J. Appeal from an order of the Family Court of Tompkins County (Frawley, J.H.O.), entered September 27, 1993, which, in a proceeding pursuant to Family Court Act article 6, granted the parties joint custody of their son with physical custody to petitioner.

The issue on this appeal is whether Family Court's determination to grant the parties joint custody of their son, Sean, born in 1989, with sole physical custody to petitioner should be sustained. While Family Court's determination is entitled to deference as it had the advantage of hearing the witnesses and evaluating the character and sincerity of the parties (see, Matter of Belden v Keyser, 206 AD2d 610; Matter of Antoinette M. v Paul Seth G., 202 AD2d 429, lv denied 83 NY2d 758), our authority is as broad as that of Family Court, and we would be remiss if we allowed a custody determination to stand which lacked a sound and substantial basis in the record (see, Matter of Lobo v Muttee, 196 AD2d 585, 587).

The record discloses that the parties were married on August 22, 1986 when petitioner was 22 and respondent 15. Soon after they arrived at their marital residence in Norfolk, Virginia, petitioner began to engage in spousal abuse. Besides assaulting respondent on a number of occasions, he fired a weapon and shot out the passenger window of a truck he was driving and in which respondent was riding as a passenger, he pointed a weapon at respondent and fired a shot at her foot, and set a fire inside respondent's residence. As a result of this latter incident, he was arrested and pleaded guilty to a felony arson charge, receiving a sentence from a Virginia court of three months in jail, 10 years' probation and was ordered to pay $30,000 in restitution.

After petitioner's release from jail and other than honorable discharge from the Navy, the parties moved to Ohio in early 1989. The move had no effect on petitioner's behavior for the evidence shows that he threw a gallon of paint from the

second floor at respondent at a time she was pregnant with Sean. In another incident, petitioner also attempted to run respondent off the road even though Sean was a passenger in her car.

In July 1991, respondent and Sean moved to Charleston, South Carolina, and were joined there by petitioner in September 1991. Shortly after he arrived, an altercation occurred between the parties which culminated in petitioner taking Sean and relocating with him in the Village of Trumansburg, Tompkins County. Petitioner contends that respondent consented to this, while respondent contends otherwise.

The evidence surrounding the September 1991 incident shows that when petitioner arrived at respondent's residence he found Sean in the care of a teenage babysitter. He took Sean and drove to a local motel, where he left him unattended while he went looking for respondent. According to respondent, when he found her he assaulted her and threatened to kill her and Sean. He also forced her to accompany him on a high-speed automobile ride which terminated only when respondent managed to jump from the speeding vehicle. At the conclusion of the episode, petitioner brought respondent back to her residence and left with Sean.

Respondent came to New York in January 1992 where petitioner permitted her to have supervised visitation with Sean on several occasions before she returned to Charleston. Thereafter, petitioner frustrated respondent's attempts to have extended visitation with Sean outside New York.* In March 1992 respondent moved to Ohio and in June 1992 moved to Kansas, where she now lives with her husband and daughter.

While Family Court recognized that petitioner's violent conduct toward respondent could not be condoned, it nevertheless concluded that it would be in Sean's best interest if petitioner was his custodial parent. Family Court predicated its determination principally on the fact that in the two-year period Sean has lived with petitioner he has been properly cared for and petitioner has been gainfully employed and lived a law-abiding life. Because Family Court's determination was contrary to his recommendation, the Law Guardian moved for reargument. On reargument, Family Court adhered to its determination, stating that it was clear that Sean's best

---

* The record shows that in September 1992 respondent came to New York and had unsupervised visitation with Sean for several days. She also has had biweekly telephone contact with him.

interest dictates that he should remain in the environment to which he has been accustomed for over two years of his four-year life.

For several reasons we find that Family Court's determination lacks a sound and substantial basis. Initially, we disagree with Family Court that petitioner's egregious acts of spousal abuse should not be accorded significant weight. In our view, petitioner's reprehensible behavior demonstrates his unfitness to be a parent for it reveals that he possesses a character that is manifestly unsuited for the difficult task of providing Sean with moral and intellectual guidance (see, Matter of Acevedo v Acevedo, 200 AD2d 567). Moreover, as respondent's expert points out, it is possible that Sean at some future point might become the victim of petitioner's explosive emotions and may also develop a pattern of abuse, thereby becoming an abuser himself when he matures.

Under normal circumstances, maintaining stability in a child's life is an important factor in the best interest analysis, although not a conclusive one (see, Matter of Louise E. S. v W. Stephen S., 64 NY2d 946, 947). However, where a de facto transfer of custody is accomplished, as here, this factor should not be given significant weight (see, Matter of Nehra v Uhlar, 43 NY2d 242, 250; Matter of Moorehead v Moorehead, 197 AD2d 517, 519, appeal dismissed 82 NY2d 917).

Here, since we find petitioner's claim that respondent freely consented to his assumption of custody of Sean unworthy of belief given the history of spousal abuse, Family Court's reliance upon the factor of maintaining stability as the principal ground for its determination was misplaced since it overlooked petitioner's assumption of custody and, in effect, rewarded him for his conduct (see, Matter of Bennett v Jeffreys, 40 NY2d 543, 550).

After examining the entire record and having found that Family Court's determination lacks a sound and substantial basis, there must be a fresh consideration of the various factors bearing on Sean's best interest. Our analysis, which includes a lengthy and positive probation report from Kansas regarding respondent, leads us to conclude that respondent is the more fit parent who can provide Sean with a stable home environment where he will have the advantage of growing up with his half-sister and be afforded full-time care by his mother. Moreover, as stated, petitioner's history of violent behavior raises serious doubts regarding his capacity to provide Sean with appropriate parental guidance and his ability

to provide for Sean's emotional development. In fact, petitioner's expert indicates that Sean's emotional development is being impeded by petitioner's overattachment to him. For these reasons, we reverse and award custody to respondent with visitation rights to petitioner which shall be fixed by Family Court upon remittal.

We have not awarded joint custody since petitioner's interactions with respondent indicates that he is not capable of cooperating with her in the furtherance of Sean's best interest *(see, Matter of Powers v Powers,* 201 AD2d 838; *Jones v Jones,* 185 AD2d 228). Lastly, we note that this is not an appropriate case for the application of the rule precluding a custodial parent from removing a child to a distant locale *(see, Matter of Radford v Propper,* 190 AD2d 93) in light of petitioner's improper removal of Sean to New York and the fact that the parties never resided in this State.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, custody awarded to respondent and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.