■ In the Matter of Russell G. Hubbard, Appellant, v Laurie A. Hubbard, Respondent. (And Three Other Related Proceedings.) [633 NYS2d 856] —Peters, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered March 2, 1994 in Broome County, which, *inter alia*, granted respondent's application, in four proceedings pursuant to Family Court Act article 6 and/or article 8, for sole custody of the parties' children.

Petitioner and respondent were married in April 1980 and have three minor children. In 1981, respondent moved out of the marital residence for approximately six months because of alleged physical abuse by petitioner. During such time, the parties had joint custody of their two sons, Shayne (born in 1979) and Christopher (born in 1980), with the children living with respondent and petitioner exercising frequent visitation. After a reconciliation, the couple's third child, Julie, was born in 1982.

In February 1993, respondent once again left the marital home for a short period due to an alleged increase in violence from petitioner's drinking. In May 1993, respondent filed a petition for joint custody which was subsequently dismissed due to her failure to appear. In June 1993, respondent and the children moved out of the marital residence. The parties thereafter mutually agreed to all responsibilities for the care of their children but, due to the boys' desire, the residence of all three children was moved to petitioner with weekends to respondent.

In July 1993, petitioner filed for sole custody alleging that

respondent did not properly supervise the children. Respondent filed a cross petition for the same relief contending that she was the primary caretaker, that petitioner has an alcohol abuse problem and that he had been physically abusive. By order entered August 23, 1993, temporary custody of the children was awarded to petitioner. At the conclusion of the custody hearing, however, Family Court determined that it was in the children's best interest for sole custody to be awarded to respondent. The court found that petitioner "has an impulse control problem * * * an inability to relate to people in an acceptable civilized manner, including his dealings with the mother and children without the interjection of violence". Despite the court's concern regarding petitioner's propensity toward violence, petitioner was awarded alternate weekend visitation with a further order to undergo a mental health evaluation and to complete a parenting class. Petitioner appeals.*

Petitioner primarily alleges that Family Court's determination awarding sole custody to respondent was not supported by the weight of the evidence. We disagree. Determination of a child's best interest (see, Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Belden v Keyser, 206 AD2d 610; Matter of Powers v Powers, 201 AD2d 838, 839) is achieved by viewing the totality of the circumstances presented and assessing the various factors deemed relevant (see, Eschbach v Eschbach, supra, at 174; Friederwitzer v Friederwitzer, 55 NY2d 89, 93-94; Matter of Belden v Keyser, supra, at 611). Thus, deference is given to the factual findings made by Family Court since it had the opportunity to assess the credibility of the witnesses (see, Eschbach v Eschbach, supra, at 173; Matter of Powers v Powers, supra, at 839). These findings will not be disturbed on appeal unless they lack a sound and substantial basis in the record (see, Matter of Daniel R. v Noel R., 195 AD2d 704, 706; Matter of Young v Hasselman, 188 AD2d 891, 892). With these precepts in mind and viewing the record as a whole, we find that Family Court's determination is fully supported by the record.

Petitioner admitted that he had been physically abusive to respondent throughout the 13 years of their marriage and estimated that he was physically abusive to her approximately two dozen times over that period. Petitioner further admitted that, throughout the course of their marriage and as recently

---

* To the extent that the information contained in a letter brief from the Law Guardian is not part of the certified record, we will not consider it (see, Matter of Zirkind v Zirkind, 218 AD2d 745; Matter of D.B.S. Realty v New York State Dept. of Envtl. Conservation, 201 AD2d 168, 173).

as two weeks prior to the hearing, he had consistently threatened his wife with words like "kill" and "hit" and that during such time he repeatedly accused respondent of vile sexual conduct. Petitioner further admitted to "accidentally" hitting his children when he was angry with them, pushing and striking the boys and grabbing them by the throat when they were "playing around". He further admitted to shaking the children, bouncing them up against the wall and slapping at least one child in the face.

Respondent's testimony confirmed such behaviors. Such evidence indicated that the children were traumatized by the parties' violent altercations which frequently awoke them from sleep and moved them to take it upon themselves to be instrumental in preventing or stopping the physical and verbal abuse. Respondent further testified to one particular incident, occurring in front of the children, when petitioner went to respondent's apartment, kicked over the furniture, ripped the window blinds down, grabbed respondent by the throat and then shoved her over the counter. Although the testimony indicated that respondent called the State Troopers, had petitioner arrested and thereafter obtained an order of protection, the record reflects that these incidents did not avert petitioner's threatening conduct.

Based upon this record, we do not find that the determination of Family Court lacks a sound and substantial basis (*see, Matter of Daniel R. v Noel R.*, 195 AD2d 704, 706, *supra*; *Matter of Young v Hasselman*, 188 AD2d 891, 892, *supra*).

Accordingly, the order of Family Court is affirmed.

Mercure, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.

