■ In the Matter of DANIELLE L. COLES, Respondent, v MILES W. BAILEY, Appellant. (And Another Related Proceeding.) [645 NYS2d 162] —White, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered October 20, 1995, which, inter alia, dismissed respondent's applications, in two proceedings pursuant to Family Court Act article 6, for joint custody of the parties' minor child.

The parties in this proceeding were never married and have one child, born in 1990. At the time of the child's birth, the parties were living together and continued to reside together intermittently until the fall of 1994, when petitioner moved out with the child. Respondent filed a petition seeking joint custody of the child in September 1994 and shortly thereafter a petition was filed by petitioner seeking sole custody. After a fact-finding hearing on both petitions, Family Court awarded sole custody to petitioner with visitation to respondent, and respondent appeals. We now affirm.

It appears from the record that at the time of the hearing respondent was unemployed, collecting social services benefits, i.e., food stamps and a rent subsidy, and was not paying child support since he did not feel it was necessary. He was also receiving financial help from his father, and although he claimed to be a part-time student at a local community college, he was not attending classes. The record also indicates that in addition to being a devotee of the race track and off-track betting facilities, where he occasionally took his daughter, respondent had been convicted of criminal possession of a controlled substance in 1990, a reduction from a criminal sale charge, and had acted as an informant for a local police department in connection with drug investigations. Further, respondent has no family in the Capital District, while petitioner has a number of close relatives living in the area who are able to give her assistance with the child. Petitioner, who was working steadily, had enrolled the child in preschool and did admit that there

were occasions when she had kept the child home to thwart respondent's weekend visitations and had left a number of telephone messages on respondent's answering machine in which she used profane and inappropriate language in the presence of her child.

The parties and the child were interviewed by a mental health court consultant who opined that petitioner was in a better position to meet the child's needs and that joint custody was not a viable option. The Law Guardian recommended that petitioner be awarded sole custody. Family Court, after conducting an in camera interview with the child, awarded sole custody to petitioner with visitation to respondent after determining that joint custody was not a viable option in view of the conflicts between the parties and their inability to work together for the benefit of their daughter (see, Braiman v Braiman, 44 NY2d 584, 587; Cochran v Cochran, 177 AD2d 818, 819).

It is undisputed that the overriding concern in matters of this nature is the best interest of the child and the court must assess all relevant factors and, after careful consideration of the totality of the circumstances, make a finding which will serve this end (see, Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Kazmi v Kazmi, 201 AD2d 857, 858; Matter of Stark v Stark, 199 AD2d 798, 799). In addition, the decision of Family Court, which had the opportunity to observe the witnesses and determine their credibility, must be accorded deference and should not be disturbed unless it cannot be upheld under any fair interpretation of the evidence (see, Matter of Bogert v Rickard, 199 AD2d 587, 588; Matter of Young v Hasselman, 188 AD2d 891, 892).

Upon reviewing the record before us, it is clear that Family Court did not err in its decision that petitioner is by far the parent best suited to have custody of the child. After a thorough and complete hearing, including questioning the child in camera and evaluating the testimony of the parties, the court rendered a decision which must be accorded great respect (see, Matter of Hubbard v Hubbard, 221 AD2d 807, 808). Therefore, we find that Family Court's determination that the child's best interest will be served by granting petitioner sole custody is supported by a sound and substantial basis in the record and should not be disturbed (see, Matter of Karen PP. v Clyde QQ., 197 AD2d 753, 754).

Cardona, P. J., Mikoll, Mercure and Spain, JJ., concur. Ordered that the order is affirmed, without costs.