■ In the Matter of THOMAS M. ELLIS, JR., Respondent, v RENATA O. ELLIS, Appellant. [649 NYS2d 951] —Mikoll, J. P. Appeal from an order of the Family Court of Broome County (Hester, J.), entered December 28, 1994, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody and visitation.

The parties were married in 1982 and had one child, David, born in 1987. The parties separated and in August 1993 respondent petitioned for sole custody of the child. Petitioner then petitioned for the same relief. Family Court granted temporary joint custody to both parties with the primary residence of the child to be with respondent. The court also ordered that a Law Guardian be appointed to represent the child. Subsequently, petitioner again petitioned for sole custody. Family Court ruled that the existing custody arrangement continue. Thereafter, a hearing (hereinafter the first hearing) was held in Family Court to determine the custody arrangement that would be in the child's best interest.

At this hearing, testimony revealed that respondent had been the primary caretaker of the child while petitioner spent little or no time with the child. Further testimony indicated that respondent had a delusional disorder. Family Court in its order issued in June 1994 granted joint custody of the child to the parties and stated that it had serious reservations concerning the parties' ability to share joint custody. The court explained that it would review the circumstances of the custody arrangement after six months to determine whether petitioner

had taken the opportunity to become more actively involved in the child's life and whether respondent had formulated a treatment plan regarding her delusional disorder.

Respondent, by order to show cause dated September 15, 1994, moved to have the Law Guardian removed asserting that he was biased against her and was not acting in the best interest of the child. Petitioner opposed the motion and Family Court denied her request in an order entered October 20, 1994.

Petitioner applied for sole custody of the child prior to the expiration of the six-month review period and Family Court held another custody hearing (hereinafter the second hearing) resulting in an order entered December 28, 1994 awarding petitioner sole custody of the child. Family Court concluded that petitioner had become more active in the child's life while respondent continued to avoid treatment for her mental disorder.

On this appeal respondent claims that Family Court erred (1) in failing to put her on notice that the court would consider evidence introduced at the first hearing in arriving at its decision following the second hearing, (2) in that the record lacks a sound and substantial basis for the court's award of sole custody to petitioner, and (3) in denying petitioner's motion to remove the Law Guardian because he allegedly did not act in the best interest of the child. We disagree. The order of Family Court modifying a prior order of custody and visitation should be affirmed.

Respondent's claim of lack of notice that Family Court would consider evidence introduced at the first hearing in making its decision following the second hearing lacks merit. In its June 1994 order, Family Court opined that "[i]n essence, the Court is structuring what may be an interim arrangement" and "will review [the child's] circumstances in six months", that it "will be looking to see whether the mother has a treatment plan for her delusional disorder". The court further declared in the June 1994 order that it wanted "to make a well informed assessment of [respondent's] parenting capabilities as of the time of the review" and "[a]t the same time, the Court will look at whether the father has taken the opportunity between now and then to become more actively involved in his son's care, schooling and interests". Thus, one can reach no other conclusion than that Family Court's order of June 3, 1994 was an interim, nonfinal order which gave respondent notice that her plan for treatment of her delusional disorder would be assessed at a further review in six months.

Respondent's argument that Family Court's custody award

is without a sound and substantial basis in the record fails. The standard of review in custody cases is what is in the best interest of the child (*see, Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Belden v Keyser,* 206 AD2d 610). There is ample testimony in the record that respondent had a delusional disorder which required treatment and counseling. Testimony also indicated that the parties were not able to communicate effectively concerning the child's needs, factors relevant in determining the child's best interest (*see, Matter of Brown v Skalwold,* 228 AD2d 749, 752; *Matter of Hubbard v Hubbard,* 221 AD2d 807, 808; *Matter of Perry v Perry,* 194 AD2d 837). Where, as here, it is demonstrated that the parties cannot communicate effectively and make decisions together, joint custody is inappropriate (*see, Matter of Brown v Skalwold, supra,* at 751-752). The parties each enrolled the child in a different school as they could not agree on one school. They also are unable to carry on a civil conversation and argue in front of the child on a regular basis. However, petitioner had changed his work schedule to have more time to spend with the child in compliance with the court's expressed concerns. Thus, Family Court's award of sole custody to petitioner has a sound and substantial basis in the record and should not be disturbed (*see, Matter of Irbauch v Irbauch,* 226 AD2d 379; *Matter of Hubbard v Hubbard, supra,* at 808).

Respondent's argument that the Law Guardian did not act in the best interest of the child due to bias against respondent, and that Family Court consequently erred in denying her motion to remove the Law Guardian, has not been preserved for review by a timely appeal from the order entered October 20, 1994 and, therefore, will not be considered by this Court. Respondent's notice of appeal recites that she is appealing from the custody order entered December 28, 1994 and the order denying her motion to remove the Law Guardian. The notice of appeal dated January 4, 1995 is untimely in reference to the order entered October 20, 1994 (*see,* CPLR 5513 [a]). An appeal from a final judgment brings up for review an order which necessarily affects the final judgment and which, if reversed, would entitle the appellant to prevail on that appeal (*see,* CPLR 5501; Family Ct Act § 1118). Were this Court to reverse the order denying respondent's motion to remove the Law Guardian, it would not require a reversal of the order granting sole custody to petitioner as the testimony required for each decision is different. Family Court's decision granting sole custody to petitioner was based on the testimony of the parties and other witnesses as to the parties' hostility to each other and not the bias of the Law Guardian. Additionally, there

is no credible evidence in the record that the Law Guardian was biased against respondent.

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.