◼ In the Matter of DONALD E. SMITH, Appellant, v CHRISTINE KALMAN, Respondent. [652 NYS2d 421] —Mikoll, J. Appeal from an order of the Family Court of Clinton County (McGill, J.), entered August 31, 1995, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

In February 1995 petitioner sought a modification of custody of the child born out of wedlock to respondent and petitioner.

Custody had been awarded to respondent on January 9, 1994. The child has lived with respondent since its birth in 1991. The parents have never resided together. In the instant petition, petitioner contends that a change in circumstances requires a change of custody. His petition alleges sexual abuse of the child by respondent, denial by respondent of scheduled visitation by petitioner, refusal of respondent to attend family counseling, failure to share medical information with petitioner as ordered by Family Court, interfering with petitioner's phone access to the child, ignoring the child's dental needs and dressing the child inappropriately.

To prevail in a change of custody proceeding, petitioner must show a change in circumstances which reflect a real need for change to ensure the best interest of the child (see, Matter of Van Hoesen v Van Hoesen, 186 AD2d 903). We accord great deference to the findings of fact of Family Court in our review of the record (see, Matter of Hubbard v Hubbard, 221 AD2d 807, 808).

At the hearing, both parties accused one another of sexually abusing the child plus a variety of other misdeeds. Family Court dismissed petitioner's application because he failed to show, by a preponderance of the evidence, that respondent is unfit or that to continue the child in her care is not in the child's best interest. This appeal ensued.

We consider Family Court's decision to be well reasoned and based on a preponderance of the evidence. The court rejected both petitioner's and respondent's cross-accusations of child abuse as not proven. There was no verification in the child's hearsay statements as testified to by the parents. Petitioner's complaint to Child Protective Services of respondent's sexual abuse of the child ended in an "unfounded" finding. Respondent, on the other hand, never initiated any action to support her allegations of sexual abuse by petitioner. Family Court was correct in discounting the parties' mutual allegations as unfounded.

We reject petitioner's contention that Family Court erred in failing to order a psychological evaluation of the parties in view of the child abuse complaint as without merit. The decision to do so lies in the discretion of the court (see, Family Ct Act § 251; Kesseler v Kesseler, 10 NY2d 445, 452). The parties did not request such evaluations. In any event, the court had sufficient information before it on which to make a decision (see, Matter of Clark v Dunn, 195 AD2d 811, 814).

We find no merit to petitioner's allegations of error as to Family Court's admission of evidence predating the court's

May 9, 1994 court order of custody. The evidence was admitted to address credibility issues and was necessary, as well, for a determination of the custody question which was to be based on the totality of circumstances.

Though there was testimony that petitioner failed to follow Family Court's orders and interfered with petitioner's visitation, the court found that these were the result of her legitimate fears engendered by petitioner's bullying attitude toward her and his belittling of her personally and to others. The court properly evaluated all relevant circumstances on the change of custody question. We find that Family Court's order has a sound and substantial basis in the record.

Cardona, P. J., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.