■ In the Matter of CONNIE DE LOSH, Appellant, v DARIN DE LOSH, Respondent. [652 NYS2d 821] —Cardona, P. J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered July 24, 1995, which, *inter alia*, denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' son.

Petitioner and respondent were never married to one another and just happen to have the same surname. They are the parents of two children, a daughter, Michelle (born in 1987), and a son, Darin, Jr. (born in 1989). The parties resided together from 1986 until the summer of 1990. Following their separation, the children resided with petitioner without a formal custodial arrangement. From August 1989 to June 1991, petitioner had various problems with the law culminating in the imposition of a definite jail sentence of 100 days in June 1991. At the time of her incarceration, petitioner placed Darin,

Jr., pursuant to letters of guardianship, in the care of respondent's mother, Patricia De Losh (hereinafter De Losh). Michelle, who is not a subject of this proceeding, was placed in the care of respondent's sister. Following petitioner's incarceration, she sought Darin, Jr.'s return but De Losh refused. De Losh essentially assumed care of Darin, Jr. until 1993, when she complied with respondent's request and gave him custody.

Petitioner commenced this proceeding in December 1995 seeking, *inter alia*, custody of Darin, Jr. Thereafter, pursuant to a temporary order, petitioner's visitation with Darin, Jr. resumed. At the time of the hearing, petitioner was residing with her older son, Michael, and her fiancé, Brian Francia. At that time, respondent resided with his wife of three years, Tammy De Losh, and their two young boys. Family Court awarded sole custody of Darin, Jr. to respondent and petitioner appeals.

Petitioner argues that Family Court abused its discretion in awarding custody of Darin, Jr. to respondent. She contends that the court failed to properly consider that she primarily cared for Darin, Jr. from his birth in 1989 until June 1991 and that she had custody of him following the parties' separation in 1990. Contending that she is a fit parent, she notes that she has obtained stability in her life and has stopped drinking. In further support of her position, she points to Family Court's findings that respondent has left the day-to-day care and responsibility of Darin, Jr. to his wife, involving himself only to the extent of playing with Darin, Jr., and that he has done nothing to encourage a relationship between petitioner and Darin, Jr.

Respondent counters that Family Court properly considered the totality of the circumstances in arriving at its custody determination. We agree. The primary consideration in any custody matter is the best interest of the child (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Matter of Coles v Bailey*, 229 AD2d 685). "This inquiry is best undertaken by Family Court, since that court is in the best position to evaluate the testimony, character and sincerity of the parties" (*Matter of Alice A. v Joshua B.*, 232 AD2d 777, 779 [citations omitted]; *see, Santoro v Santoro*, 224 AD2d 510). In reaching a determination, the court must assess all relevant factors (*see, Matter of Coles v Bailey, supra*), "including the quality of the parents' respective home environments, the length of time that the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to guide and provide for the child's intellectual and emotional development"

(*Matter of Alice A. v Joshua B., supra*, at 779; *see, Matter of Irwin v Neyland*, 213 AD2d 773). Moreover, while our authority in custody matters is as broad as that of Family Court, we do give deference to its factual findings since it has the opportunity to observe the witnesses' demeanor and assess credibility (*see, Eschbach v Eschbach, supra*, at 173; *Matter of Alice A. v Joshua B., supra*). We will not disturb those findings unless they lack a sound and substantial basis in the record (*see, Matter of Hubbard v Hubbard*, 221 AD2d 807, 808; *Matter of Daniel R. Noel R.*, 195 AD2d 704, 706).

Although the record shows that petitioner has made progress in stabilizing her life and becoming a more responsible parent, it also supports Family Court's determination that Darin, Jr.'s best interest would not be served by altering the present custodial arrangement (*see, e.g., Matter of Lizzio v Jackson*, 226 AD2d 760). Petitioner's emphasis on her primary care of Darin, Jr. after the parties' separation overlooks the serious problems which ultimately resulted in respondent's assumption of custody. Her past performance shows that she did not actively participate in the child's schooling and medical care.

On the other hand, respondent brought Darin Jr. to doctors for treatment of his cleft palate and hyperactivity, and attended meetings with the child's school psychologist and teacher. Thus, respondent has demonstrated an ability to guide the child's development. Respondent has also provided a stable home environment for Darin, Jr. for the three years preceding the hearing. We note that "the quality of the home environment is a major factor in the totality of circumstances considered in determining the best interests of the child[ ]" (*Matter of Bogert v Rickard*, 199 AD2d 587, 589).

Although the record contains evidence that De Losh impeded petitioner's visitation when she had custody of Darin, Jr. and that respondent did nothing to facilitate access, we do not find this conduct sufficiently egregious to warrant placing Darin, Jr. in petitioner's custody. It is important to note that petitioner appears to have an enhanced relationship with Darin, Jr. as a result of court-ordered visitation (*see, e.g., Matter of Irwin v Neyland*, 213 AD2d 773, *supra*). We also note that petitioner failed to sustain her allegations that respondent abused alcohol or drugs.

While we are not insensitive to petitioner's concern that respondent's wife will provide much of the day-to-day care for Darin, Jr., the evidence falls short of demonstrating that respondent has "abdicated his parental duties" to a third party (*Matter of Williams v Williams*, 188 AD2d 906, 908) and, al-

though Darin, Jr. will spend time with his stepmother, as previously noted it will be in a stable and supportive home environment (*see, Matter of Bogert v Rickard*, 199 AD2d 587, *supra*). Furthermore, while it is not determinative, Family Court's decision is in accord with the Law Guardian's recommendation (*see, Matter of Alice A. v Joshua B., supra,* at 779).

Finally, contrary to petitioner's claim, an award of joint custody is not appropriate. The record does not demonstrate the requisite degree of parental cooperation, communication and, particularly, lack of antagonism necessary to grant joint custody (*see, Matter of Sellen v Wright*, 229 AD2d 680, 682). Based upon the evidence adduced at the fact-finding hearing, we cannot say that the determination of Family Court lacks a sound and substantial basis (*see, Matter of Hubbard v Hubbard*, 221 AD2d 807, *supra; Matter of Daniel R. v Noel R.*, 195 AD2d 704, *supra*); accordingly, we affirm it.

Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.