■ In the Matter of STACEY ELCOCK, Appellant-Respondent, v MICHAEL ELCOCK, Respondent-Appellant. [660 NYS2d 202] —Carpinello, J. (1) Cross appeals from an order of the Family Court of Fulton County (Feldstein, J.), entered January 3, 1996, which, in a proceeding pursuant to Family Court Act article 6, *inter alia*, granted the parties joint legal custody of their child with primary physical custody to respondent, and (2) appeal from an amended order of said court, entered May 8,

1996, which, *inter alia*, partially granted respondent's notice for reargument and modified the prior order concerning the parties' child support obligations.

The parties in this proceeding were married in 1983 and have one child, Matthew (born in 1990). Shortly after the child's birth, the parties, who resided in Fulton County, relocated to Greenville, South Carolina, to take advantage of a permanent job offer extended to respondent by General Electric Company. When efforts to maintain the family unit in South Carolina failed, petitioner and Matthew returned to Fulton County and petitioner filed for custody. Pursuant to a Family Court order entered February 11, 1992, the parties were awarded joint legal and physical custody, with Matthew alternating between New York and South Carolina every two months. This order expired by its own terms upon the child's commencement of schooling in September 1995. It directed that the parties were to reach an agreement concerning the terms of a new custodial arrangement and, if unable to do so by May 1, 1995, they were to petition for appropriate relief in Family Court.

Having failed to reach an agreement, both parties filed petitions seeking, *inter alia*, primary physical custody of Matthew. Following a hearing at which, among others, the parties testified, Family Court granted primary physical custody to respondent. Following respondent's motion to reargue (which was partially granted) and petitioner's cross motion to renew (which was denied), an amended order was entered.*

Petitioner's sole argument on appeal is that Family Court abused its discretion in awarding respondent primary physical custody of Matthew because "the proof clearly demonstrated that [she] was the better choice". Fundamentally, the primary consideration in a child custody dispute is the best interest of the child—an inquiry that requires an assessment of many relevant factors (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89; *Matter of Coles v Bailey*, 229 AD2d 685, 686). These factors include the ability of each parent to guide and provide for the child's needs, including his or her intellectual and emotional development, the type and stability of the home environment and the past performance and relative fitness of each parent (*see, Matter of Synakowski v Synakowski*, 191 AD2d 836). This inquiry is best undertaken by Family Court, since that court is in the best position to evaluate the testimony, character and

---

* The propriety of Family Court's denial of petitioner's motion to renew based upon "newly-discovered" evidence is not challenged by petitioner on appeal.

sincerity of the parties (*see, Matter of Hubbard v Hubbard*, 221 AD2d 807, 808). Although this Court's authority in custody matters is as broad as that of Family Court, we give deference to its factual findings, disturbing them only if they lack a sound and substantial basis in the record (*see, Eschbach v Eschbach*, 56 NY2d 167, 173; *Matter of Hubbard v Hubbard, supra*).

There are no painless solutions in deciding who, as between two fit and loving parents living a great distance apart, will be a child's primary physical custodian. Based upon our review of the record—which demonstrates that each parent is fit and devoted to Matthew—we cannot say that Family Court's decision finding that Matthew's best interest would be served by awarding respondent primary physical custody lacks a sound and substantial basis in the record (*see, Friederwitzer v Friederwitzer, supra*, at 94; *Matter of McGrath v Collins*, 202 AD2d 719, 720; *Matter of Perry v Perry*, 194 AD2d 837, 838; *cf., Matter of Rohan v Rohan*, 213 AD2d 804).

In reaching its disposition, Family Court, in a well-reasoned and thorough opinion, appropriately weighed all relevant factors. As stated, there was proof that both parties were fit and loving parents. That being the case, Family Court did not err in focusing on the activities each parent has undertaken to advance Matthew's emotional and psychological needs and the degree to which each is able to provide him with a "warm and loving" home environment. The factor that played most significantly in Family Court's decision to grant respondent primary physical custody was the increased level of insight and ability demonstrated by him to provide for Matthew's emotional, psychological and developmental needs.

We reject petitioner's suggestions that Family Court obsessed on a single, trivial factor in rendering its decision; namely, the time Matthew spends watching television while in petitioner's custody, or that the court improperly interpreted the evidence. In short, petitioner unfairly characterizes Family Court's decision which, in our view, contains a careful review of all relevant factors. The testimony of the parties demonstrates that, as between them, respondent more appropriately understood and addressed the emotional dilemmas faced by their son and demonstrated a greater ability, albeit slight, to guide his development. For example, respondent consulted with professionals and friends about important child-rearing issues, including selecting doctors for Matthew, toilet training, daycare and custodial transitions. During the first few weeks of a custody transition, he would stop into Matthew's daycare around lunchtime and call the daycare administrator to make

sure that Matthew was adjusting well. Respondent has also exposed Matthew to a variety of age-appropriate recreational and educational activities in an attempt to have him "experience a little bit of everything that is out there".

While we are not insensitive to petitioner's contention that respondent's lack of an extended family in South Carolina weighs against placing the child with him, Family Court specifically found, and the record supports, that the presence of petitioner's extended family in the Fulton County area was not proven to be such a significant factor in Matthew's life to warrant placing him in her custody. It is also important to note that petitioner will have primary physical custody of Matthew for approximately three months out of each year.

Although the Law Guardian recommended that petitioner be granted primary physical custody, we note two important points. First, that recommendation, while important and worthy of consideration, is not determinative particularly where, as here, the custody determination is premised on subjective judgments which must, in the final analysis, be made by Family Court (see, Matter of Hadamik v Hadamik, 229 AD2d 612, 614; Matter of Perry v Perry, 194 AD2d 837, 838, supra). Moreover, Family Court specifically noted in its decision that the Law Guardian's report recommending that petitioner be granted primary physical custody was only of limited value as the Law Guardian did not make her recommendation in a format which analyzed the critical factors essential to its decision. Having found petitioner's arguments unpersuasive, and as we accord great deference to Family Court's determination of child custody disputes, we will not disturb Family Court's decision (see, Matter of Copeland v Copeland, 232 AD2d 822, lv denied 89 NY2d 806).

As a final matter, we reject respondent's argument that the appeal in this case was untimely because petitioner's counsel failed to perfect it within the time limits described under 22 NYCRR 800.12. Moreover, we need not consider his contention, based upon evidence dehors the record, that changed circumstances should be considered by this Court in rendering our decision (see, Matter of Michael B., 80 NY2d 299, 318).

White, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order and amended order are affirmed, without costs.