■ In the Matter of CLISTA P. PHELPS, Respondent, v STEVEN C. PHELPS, Appellant. (And Another Related Proceeding.) [666 NYS2d 817] —Carpinello, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered April 12, 1996, which, *inter alia*, granted petitioner's application, in two proceedings pursuant to Family Court Act article 6, for sole custody of the parties' child.

The parties are the parents of a son born out of wedlock in March 1991 when petitioner was 14 years old and respondent was 25 years old. An order of filiation and support was entered in December 1991. In September 1993, the parties, who had since married, regained custody of the child who had been in foster care for the preceding two years. Following marital discord in April 1995, the parties filed cross petitions for sole

custody. Family Court's award of sole custody to petitioner has prompted this appeal.

We reject respondent's contention that Family Court erred in its determination that the child's best interest would be better served by an award of sole custody in favor of petitioner (*see*, *Eschbach v Eschbach*, 56 NY2d 167, 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93-94). As Family Court had the opportunity to assess the credibility of witnesses, particularly the parties themselves, we must afford its factual findings considerable deference and will disturb them on appeal only if they lack a sound and substantial basis in the record (*see*, *Matter of Hubbard v Hubbard*, 221 AD2d 807, 808-809).

Significantly, after observing the demeanor of both parties and the witnesses called on their behalf, Family Court found petitioner's testimony and that of a Franklin County Department of Social Services caseworker involved with the family to be credible. It was revealed during the caseworker's testimony that respondent was not as involved in the child's day-to-day rearing as he had led the court to believe during his testimony. While respondent testified that petitioner did not take care of the child's needs during the marriage, the caseworker testified that during home visits she observed petitioner, not respondent, taking care of the child. The caseworker further testified that, following petitioner's departure from the marital residence, another woman, Rita Pulsifer, entered the home and was performing all the household chores, including taking care of the child. This was in direct contradiction to respondent's testimony that he alone cared for the child at this time. The caseworker also observed inadequate personal hygiene in the child while in respondent's care. In crediting her testimony, Family Court specifically found that she was the only disinterested witness to testify. It was revealed during petitioner's testimony that, although she suffers from a learning disability, she cooks and cleans for the child and ensures that his basic needs are tended to on a daily basis. Significantly, Family Court found petitioner's testimony to be clear, persuasive and convincing, and petitioner herself to be neat and clean and to have comported herself in an appropriate manner.

As for the assertions of respondent and his parents that petitioner slapped the child and burned him with a cigarette and cigarette lighter, Family Court found their testimony incredible and inconsistent. The court found respondent to be unkempt and pointed out many inconsistencies in his testimony, including the extent to which he fixes automobiles for people despite receiving public assistance, as well as his rela-

tionship with Pulsifer and the extent to which she is involved with the child's daily care. These credibility determinations are entitled to great weight (*see, Eschbach v Eschbach, supra*) and the record provides sufficient support for Family Court's conclusion that petitioner is a more fit custodial parent.

Mikoll, J. P., White, Yesawich, Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.