■ In the Matter of JENNIFER PETERS, Appellant, v BERNARD PETERS, Respondent. [689 NYS2d 271] —Yesawich Jr., J. Appeal from an order of the Family Court of Essex County (Halloran, J.), entered October 14, 1997, which, *inter alia*, granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

At issue is the custody of the parties' two children (born in 1992 and 1995). The overarching concern in a custody dispute

is what is in the best interests of the children (*see, Matter of Buhrmeister v McFarland*, 235 AD2d 846, 847). In making this determination, Family Court is required to assess many factors, including each parent's ability to guide and provide for the intellectual and emotional needs of the children, the type and stability of the home environment and the past performance, as well as the relative fitness of the respective parties (*see, Matter of Oseid v Daugherty*, 254 AD2d 600, 601; *Matter of Elcock v Elcock*, 241 AD2d 711, 712). Moreover, because Family Court is in the best position to evaluate the character and credibility of the parties and witnesses, its findings are to be accorded considerable deference (*see, Eschbach v Eschbach*, 56 NY2d 167, 173-174; *Matter of De Losh v De Losh*, 235 AD2d 851, 853, *lv denied* 89 NY2d 813).

Applying these principles, there is no reason to disturb Family Court's decision (in which the Law Guardian concurred) to award respondent custody of the parties' children. The court made specific findings with regard to credibility, noting the potential biases and possible motivation for each witness. Notably, it found petitioner's credibility problematic based upon her conflicting accounts of an incident in which she sustained an eye injury allegedly occasioned when she was struck by the top corner of a falling bookcase. Additionally, while the court found that the parties attained equal educational levels and that each had the capacity to provide a suitable home environment for the children, respondent offered a more stable home environment. This conclusion was warranted given the evidence of petitioner's turbulent temper and the fact that on two occasions she perversely allowed the oldest child to expose himself to harm.

Nor are we persuaded by petitioner's claim that Family Court abused its discretion by not ordering forensic tests prior to making its determination (*see, Matter of Smith v Kalman*, 235 AD2d 848; *see also*, Family Ct Act § 251), for petitioner failed to squarely place the need for such tests before the court and the record does not provide a basis for concluding that such evaluations were necessary (*see, Matter of Farnham v Farnham*, 252 AD2d 675, 677).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, without costs.